RICHARD A. CLARK, ESQ. (SBN 39558)
GREGORY M. SALVATO, ESQ. (SBN 126285)
GARY GANCHROW, ESQ. (SBN 163994)
PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN
   A Professional Corporation
555 S. Flower St., 30th Floor
Los Angeles, California 90071-2440
Telephone:   (213) 683-6500
Facsimile:   (213) 683-6669
E-mails:     rclark@pmcos.com
             gsalvato@pmcos.com
             ggancrow@pmcos.com

*Proposed* Special Litigation Counsel for the Debtor
GTS 900 F, LLC, a California limited liability company

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES

| | |
|---|---|
| In re:<br><br>GTS 900 F, LLC,<br><br>          Debtor. | Case No. 2:09-bk-35127-VZ<br><br>Chapter 11 |
| GTS 900 F, LLC, a California limited liability company,<br><br>          Plaintiff,<br><br>v.<br><br>CORUS BANK, N.A., a national banking association, and DOES 1 through 10, inclusive,<br><br>          Defendants. | Adv. No.<br><br>**NOTICE OF REMOVAL OF STATE COURT ACTION UNDER 28 U.S.C. § 1452(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027**<br><br>Date:    *To Be Scheduled*<br>Time:<br>Place: |

//

//

352873

-1-

NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE, ALL PARTIES IN THE ABOVE-REFERENCED STATE COURT CIVIL ACTION HEREBY REMOVED, THE CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION:**

PLEASE TAKE NOTICE that Debtor, Debtor in Possession and Plaintiff GTS 900 F., LLC, a California limited liability company ("Debtor") files this Notice of Removal of the State Court Action entitled *GTS 900 F, LLC, a California limited liability company, v. CORUS BANK, N.A., a national banking association, et al., Los Angeles Superior Court Case No. BC 421309* (the "State Court Action"), in accordance with Rule 9027 of the Federal Rules of Bankruptcy Procedure, 11 U.S.C. § 1452(a), and 28 U.S.C. § 157(a). Debtor respectfully represents as follows:

## BASIS FOR REMOVAL

1. The Complaint filed by the Debtor in the State Court Action alleges claims and causes of action that are related to this Bankruptcy Case. Those claims, if prosecuted to a conclusion, would have an effect on the assets, liabilities and claims of this bankruptcy estate, and thus impact the handling and administration of this bankruptcy estate.

## THE BANKRUPTCY CASE

2. On September 17, 2009, Debtor GTS 900 F, LLC, a California limited liability company ("Debtor") filed a voluntary petition under title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, which was designated as Case No. 2:09-bk-35127-VZ (the "Bankruptcy Case"). The Debtor remains in possession of the Bankruptcy estate and continues to operate its business as a Debtor in Possession pursuant to Bankruptcy Code Sections 1107 and 1108.

## THE STATE COURT ACTION REMOVED TO THIS COURT

3. On September 4, 2009, prior to the commencement of the Bankruptcy Case, the Debtor filed an action in the Los Angeles Superior Court entitled *GTS 900 F, LLC, a California limited liability company, Plaintiff v. CORUS BANK, N.A., a national banking*

PARKER MILLIKEN CLARK O'HARA & SAMUELIAN, A PROFESSIONAL CORPORATION

*association, and DOES 1 though 10, Defendants,* as Case Number BC 421309 (the "State Court Action").

4. The Complaint in the State Court Action alleges claims for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Declaratory Relief and Injunctive Relief, seeking damages presently in excess of $20 million but likely to exceed $60 million if Debtor is not able to obtain the relief being sought. A true and correct copy of the Complaint in the State Court Action is attached hereto as <u>Exhibit 1</u>.

5. The Debtor's claims for damages and equitable relief in this removed action is an attempt to salvage the remaining uncompleted portions of a mixed use residential/retail project that promises to be a key part of the revitalization of the downtown Los Angeles. The lawsuit is based on the wrongful acts and inequitable conduct of a financially troubled lender, CORUS BANK, N.A., an Illinois bank. CORUS BANK, N.A. allowed its own financial situation to deteriorate such that earlier this year it was forced to enter into written agreements and Orders with the United States Treasury and the Federal Reserve Bank of Chicago for the achievement and maintenance of capital reserves; having failed to meet those requirements it has recently been seized by the Federal Deposit Insurance Corporation ("FDIC").

6. A copy of the Summons and Complaint in the State Court Action was duly served on Defendant CORUS BANK, N.A. However, on September 11, 2009, CORUS BANK was taken over and placed into receivership by the FDIC. The Debtor therefore requests the issuance of a Summons in this Adversary Proceeding and will promptly serve the FDIC with this Notice and all pleadings.

## AUTHORITY FOR REMOVAL OF THE STATE COURT ACTION AND BANKRUPTCY COURT JURISDICTION

7. Authority for removal of the State Court Action is provided by 28 U.S.C. section 1452(a), which provides:

> "A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental

unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

8. Further, 28 U.S.C. section 1334(b) provides that:

" . . . the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

9. By General Order 266 of the United States District Court for the Central District of California entered on October 9, 1984, all cases under Title 11 and all proceedings under Title 11 or arising in or related to a case under Title 11 are referred to the Bankruptcy judges of the district pursuant to 28 U.S.C. § 157(a).

10. Accordingly, this Notice of Removal is filed with the clerk of the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9001(3).

11. The Ninth Circuit test for whether a civil proceeding is related to a case under Title 11 is

> "whether *the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.* []. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."

*In re Fietz,* 852 F.2d 455, 457 (9th Cir. 1988), *quoting Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984) (citations omitted).

12. The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court; and is not an action by a governmental unit to enforce such governmental unit's police or regulatory power.

13. The State Court Action is a civil proceeding related to the Bankruptcy Case. The Bankruptcy Court presiding over the Bankruptcy Case, pursuant to the general

reference with respect to Title 11 cases in the Central District of California and 28 U.S.C. section 157, has jurisdiction of the claims asserted in the State Court Action under 28 U.S.C. section 1334, because the outcome of the State Court Action could alter the Debtor's rights, liabilities, options, or freedom of action and impacts upon the handling and administration of the Debtor's estate. *See In re Fietz,* 852 F.2d 455, 457 (9th Cir. 1988).

## CONSENT TO FINAL ORDERS

14. Upon removal, the State Court Action is a core proceeding, and the Debtor consents to the entry of final orders and judgments by the bankruptcy judge. By separate notice, the Debtor has reserved its rights to a jury trial of the removed action.

15. The filing of the State Court Action occurred prior to the commencement of the Bankruptcy Case. This Notice of Removal is filed less than ninety (90) days after entry of the Debtor's Order for relief, and thus is timely pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(2). The State Court Action is related to the Bankruptcy Case. Removal of each claim and cause of action of the State Court Action to the Bankruptcy Court is thus authorized by 28 U.S.C. sections 1452, 1334 and 157 and the General Order of the District Court for the Central District of California referring bankruptcy matters to the United States Bankruptcy Court for the district. Removal is in accordance with Rule 9027 Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9027-1.

## NOTICE TO ALL PARTIES

NOW THEREFORE, all parties to the State Court Action pending in the Los Angeles Superior Court as Case No. BC 421309, are HEREBY NOTIFIED pursuant to Rule 9027(e) of the Federal Rules of Bankruptcy Procedure, as follows:

   a. Removal of the State Court Action and all claims and causes of action therein was effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to Rule 9027(c) of the Federal Rules of Bankruptcy

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

324206
− 5 −
NOTICE OF REMOVAL

| | |
|---|---|
|1| Procedure.  The State Court Action is removed from the Los Angeles Superior |
|2| Court to the United States Bankruptcy Court for the Central District of |
|3| California.  The parties to the State Court Action shall proceed no further in the |
|4| State Court unless and until the action is remanded by the Bankruptcy Court. |

b. Any party who has filed a pleading in connection with the removed claim or cause of action, other than the party filing the notice of removal, shall file a statement admitting or denying any allegation in the notice of removal that upon removal of the claim or cause of action the proceeding is core or non-core. If the statement alleges that the proceeding is non-core, it shall state that the party does or does not consent to entry of final orders or judgment by the bankruptcy judge.  A statement required by this paragraph shall be signed pursuant to Rule 9011 and shall be filed not later than 10 days after the filing of the notice of removal.

DATED: September 21, 2009

PARKER, MILLIKEN, CLARK,
O'HARA & SAMUELIAN
A Professional Corporation

By: */s/ Gregory M. Salvato*
Richard A. Clark
Gregory M. Salvato
Gary Ganchrow

*Proposed* Special Litigation Counsel for Debtor, Debtor in Possession, Plaintiff GTS 900 F, LLC