1  Hamid R. Rafatjoo (CA Bar No. 181564)
   Daryl G. Parker (CA Bar No. 47048)
2  Victoria A. Newmark (CA Bar No. 183581)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Boulevard, 11th Floor
   Los Angeles, California  90067-4100
4  Telephone: 310/277-6910
   Facsimile:  310/201-0760
5  E-mail:  hrafatjoo@pszjlaw.com
             dparker@pszjlaw.com
6            vnewmark@pszjlaw.com

7  Attorneys for the Committee of Creditors Holding
   Unsecured Claims

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                **LOS ANGELES DIVISION**

11 | In re: | Case No.: 2:09-35127-VZ |

12 GTS 900 F, LLC, a California limited liability     Chapter 11
   company, aka Concerto,
13
                          Debtor.
14                                                    Judge: Vincent P. Zurzolo
   _____
15 OFFICIAL COMMITTEE OF CREDITORS               Adversary Proceeding
   HOLDING UNSECURED CLAIMS,
16                                               No. _____
                          Plaintiff
17                                               **COMPLAINT FOR:**
         v.                                      **(i) DECLARATORY RELIEF**
18                                               **REGARDING THE VALIDITY,**
   CORUS CONSTRUCTION VENTURE, LLC, as           **PRIORITY AND EXTENT OF LIENS;**
19 successor in interest to the Federal Deposit   **AND (ii) EQUITABLE**
   Insurance Corporation As Receiver For Corus Bank, **SUBORDINATION OF CLAIM**
20 N.A.,
                          Defendant
21 _____

22      The Official Committee of Creditors (the "Committee") hereby alleges against Corus

23 Construction Venture, LLC ("Corus Construction"), a Delaware limited liability company, as

24 successor in interest to the Federal Deposit Insurance Corporation as Receiver for Corus Bank, N.A.

25 as follows:

26      **JURISDICTION AND VENUE**

27      1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

28      2.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409(a), as this

1    adversary proceeding arises under Title 11 and/or arises in or relates to a case under Title 11 of the

2    United States Code (the "Bankruptcy Code") that is pending in this district.

3        3.        The claim for declaratory relief is brought pursuant to 11 U.S.C. § 105(a) and Rule

4    7001(2) and (9) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to seek

5    declaratory relief regarding the validity, priority or extent of a lien.  The claim for declaratory relief

6    is a core proceeding as to which this Court may enter final judgment under 28 U.S.C. §§ 157(b)(1)

7    and 157(b)(2)(K).

8        4.        The claim for equitable subordination is brought pursuant to 11 U.S.C. §§ 105(a)

9    and 510(c)(1) and (2) and Bankruptcy Rule 7001(7) and (9).  The claim for equitable

10    subordination is a core proceeding as to which this Court may enter final judgment under 28

11    U.S.C. §§ 157(b)(1) and 157(b)(2)(K) and (O).

12    **<u>PARTIES</u>**

13        5.        Plaintiff Committee was appointed by the Office of the United States Trustee on

14    October 16, 2009 pursuant to the *Notice of Appointment and Appointment of Committee of Creditors*

15    *Holding Unsecured Claims*.

16        6.        The Federal Deposit Insurance Corporation is an agency of the United States of

17    America which was appointed on September 11, 2009 by the Office of the Comptroller of Currency

18    as the receiver of Corus Bank, N.A. ("FDIC").  The FDIC accepted the appointment as receiver

19    pursuant to 12 U.S.C. §1821(c)(3)(A) and, as a result, the FDIC succeeded to all of the rights, title,

20    powers and privileges of Corus Bank, N.A. under the Construction Loan Agreement, Promissory

21    Note, and Trust Deed described hereafter.  Corus Bank, N.A. is referred to hereafter as the "Bank".

22    Subsequently, the FDIC, as receiver for the Bank, assigned its interest under those agreements to

23    defendant Corus Construction pursuant to an Allonge dated October 16, 2009.  Corus Construction is

24    a Delaware limited liability company.

25        7.        Certain creditors of Debtor GTS 900 F, including but not limited to members of the

26    Committee, are contractors, sub-contractors, sub-sub-contractors, materials suppliers and other

27    persons entitled to mechanic's liens under California Civil Code ("Civ. Code") Section 3110,

28    engaged in business as suppliers of construction services, labor and materials (collectively, the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

"Mechanics").  The identity of the Mechanics who are parties in interest in the instant dispute will be determined based upon the proofs of claim filed on or prior to the bar date for filing proofs of claim in this case, which is January 29, 2010 (the "Claims Bar Date").  The Committee reserves the right to allege and add parties and claims which are subject to the relief sought herein, including without limitation to add some or all of the Mechanics who file timely proofs of claim as parties herein.

**GENERAL ALLEGATIONS**

8.      Debtor GTS 900 F, LLC, a California limited liability company, aka Concerto ("GTS"), which is not a party to this adversary action, is the Debtor in the above Chapter 11 proceeding.

9.      GTS is the owner of a mixed use residential/retail project located in downtown Los Angeles commonly known as the "Concerto Project".  The Concerto Project consists of a 30 story tower with 271 residential units and 12,000 square feet of retail space and a planned, but not yet built, Phase II with a second 30 story tower.

10.      On or about February 28, 2007, the Bank entered into a written letter agreement to loan up to $190,000,000.00 to GTS to finance a portion of the costs of construction of the Concerto Project ("Loan Commitment").  Sub-paragraph B-16.A of the Loan Commitment provided that GTS would commence construction of the Project on or prior to the closing of the loan contemplated by the Loan Commitment.

11.      Subsequently, pursuant to the Loan Commitment, on or about July 2, 2007, GTS and the Bank entered into a certain written "Construction Loan Agreement" for the purpose of providing funds for the construction of the Concerto Project up to a maximum of $190,000,000.00 ("Construction Loan Agreement").  The Construction Loan Agreement provided, inter alia, that:

A.      Pursuant to Section 3.10, a representation and warranty by GTS that "[a]s of the Closing Date, construction of the Project has commenced".

B.      Pursuant to Section 4.1(t), a condition of the closing of the loan was the presentation by GTS of "[e]vidence that the construction of the Project has commenced".

12.      In connection with the Construction Loan Agreement, GTS executed a promissory note dated July 2, 2007 for a principal amount of $190,000,000.00 or so much thereof as had been

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

advanced pursuant to the Construction Loan Agreement ("Promissory Note").  As of July 2, 2007,

GTS executed (A) a certain "Construction Deed of Trust, Assignment of Leases and Rents, Security

Agreement and Fixture Filing", and (B) a certain "Assignment of Leases and Rents", both in favor of

the Bank securing the obligations of GTS under the Construction Loan Agreement and the

Promissory Note (collectively, the "Trust Deed").  The Trust Deed was recorded with the Office of

the Los Angeles County Recorder on or about July 5, 2007 as documents numbered 20071597968

and 20071597968.  The Construction Loan Agreement, the Promissory Note, the Trust Deed, and all

other documents and instruments reflecting the relationship between the Bank and GTS with respect

to the Concerto Project, and their rights, duties and obligations with respect thereto, are referred to

hereafter as the "Loan Documents".

13.    The Committee alleges on the basis of information and belief that work on the

Concerto Project, which was a work of improvement within the meaning of Civ. Code §3106,

commenced before July 5, 2007 ("Commencement of Work").

14.    The Committee alleges on information and belief that, following the Commencement

of Work, certain of the Mechanics performed work upon, furnished services to, supplied materials

to, leased equipment for, and/or engaged in other activities giving rise to valid mechanics' liens with

respect to, the Concerto Project ("Mechanic's Lien Claimants").  Upon review of the proofs of claim

filed as of the Claims Bar Date, the Committee will ascertain the extent to which the Mechanic's

Lien Claimants have taken all steps required under the Civ. Code to create valid and properly

perfected mechanics' liens  against the Concerto Project.

15.    The Committee alleges on information and belief that in connection with the funding

of the loan for the Concerto Project, and the performance of its duties under the Loan Documents,

the Bank engaged in inequitable conduct which justifies, under principles of equitable subordination,

the subordination of Corus Construction's claim to the claims of all creditors, including without

limitation the claims of the Mechanic's Lien Claimants, and/or an order that any lien securing such

subordinated claim be transferred to the estate, all pursuant to 11 U.S.C. § 510(c).  The Committee

alleges on information and belief that such conduct included, without limitation, (a) delay in

providing financing and approvals to GTS, (b) refusal to release liens on residential condominiums

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    sold thereby preventing GTS from receiving the funds therefor, (c) interfering with GTS's rights

2    under the Loan Documents to draw down the full amount of the loan commitment, (d) delaying

3    payments to contractors, sub-contractors, sub-sub-contractors, and materialmen, including the

4    Mechanic's Lien Claimants, and (e) prejudicial delay in providing notification to GTS of

5    performance demanded by the Bank under the Loan Documents.

6    <b><u>FIRST CLAIM FOR DECLARATORY RELIEF</u></b>

7    <b>(DECLARATORY RELIEF)</b>

8        16.     The Committee incorporates herein by reference the allegations of paragraphs 1

9    through 15 of this Complaint.

10        17.     An actual controversy has arisen and now exists between the Committee and Corus

11    Construction in that the Committee contends that (A) the lien rights of the Mechanic's Lien

12    Claimants relate back to the Commencement of Work, and (B) the lien rights of the Mechanic's Lien

13    Claimants are prior and senior to the lien rights of Corus Construction under the Trust Deed and any

14    other agreements or instruments in favor of Corus Construction purporting to create lien rights

15    against the Concerto Project.  The Committee alleges on information and belief that Corus

16    Construction disputes and contests said contentions.

17    <b><u>SECOND CLAIM FOR DECLARATORY RELIEF</u></b>

18    <b>(EQUITABLE SUBORDINATION)</b>

19        18.     The Committee incorporates herein by reference the allegations of paragraphs 1

20    through 15 of this Complaint.

21        19.     The inequitable conduct of the Bank alleged above requires that, (1) under principles

22    of equitable subordination, Corus Construction's rights, which are derived from the Bank, be

23    subordinated to the claims of all creditors, including without limitation the claims of the Mechanic's

24    Lien Claimants, for purposes of distribution, and (2) an order be issued that any lien securing Corus

25    Construction's subordinated claim be transferred to the estate.

26    WHEREFORE, the Committee prays for:

27        1.     A declaration that (A) the lien rights of the Mechanic's Lien Claimants relate back to

28    the Commencement of Work, and (B) the lien rights of the Mechanic's Lien Claimants, to the extent

*Pachulski Stang Ziehl & Jones LLP*
*Attorneys at Law*
*Los Angeles, California*

1  that such lien rights are valid and properly perfected, are prior and senior to the lien rights of Corus

2  Construction under the Trust Deed and any other agreements or instruments in favor of the Bank

3  and/or Corus Construction purporting to create lien rights against the Concerto Project.

4      2.    An order that (i) Corus Construction's rights under the Loan Documents be equitably

5  subordinated to the claims of all creditors of the estate, including without limitation the claims of the

6  Mechanic's Lien Claimants, for purposes of distribution pursuant to 11 U.S.C. § 510(c)(1) and/or

7  (ii) any lien securing those rights be transferred to the Debtor's estate pursuant to 11 U.S.C.

8  § 510(c)(2).

9      3.    For the Committee's costs of suit incurred herein;

10      4.    For such other and further relief as the Court may deem just.

11  Dated:   December 29, 2009      PACHULSKI STANG ZIEHL & JONES LLP

12

13  By

14      Hamid R. Rafatjoo
    Daryl G. Parker

15      Victoria A. Newmark
    Attorneys for the Official Committee of
    Creditors Holding Unsecured Claims