PAUL M. BRENT, ESQ. - SBN 125976
SNB300@AOL.COM
STEINBERG, NUTTER & BRENT
LAW CORPORATION
23801 CALALBASAS RD. #2031
CALABASAS, CA 91302
TELEPHONE (310) 451-9714
FACSIMILE (310) 451-0929

(SPACE BELOW FOR FILING STAMP ONLY)

GARY GRAY, ESQ. - SBN 66001
Ggray@grayduffylaw.com
GRAY DUFFY, LLP
15760 VENTURA BLVD. 16TH FLR.
ENCINO, CA    91436
TELEPHONE (818) 907-4000
FACSIMILE    (818)783-4451

*Attorneys for:* Masonry Concepts, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>GTS 900 F, LLC<br><br>    Debtor and<br>    Debtor-In-Possession. | Case No. LA 09-35127 VZ<br>Chapter 11<br><br>**OBJECTION TO DEBTOR'S MOTION FOR ORDER APPROVING DISCLOSURE STATEMENT**<br><br>**HEARING**<br><br>DATE: February 18, 2010<br>TIME: 1:30 p.m.<br>PLACE: CTRM. 1360 |

TO: THE HONORABLE UNITED STATES BANKRUPTCY COURT:

Masonry Concepts, Inc. ("MC") files the following Objection ("Objection") to the Motion for Order Approving Disclosure Statement ("Motion") brought by Debtor and Debtor-In-Possession GTS 900 F, LLC (hereinafter "Debtor" or "GTS") and respectfully represents the following:

# I

## POSITION OF MC RELATIVE TO THE MOTION

As set forth in previously filed pleadings, MC holds a recorded mechanic's lien against the property, structure and improvements located at 900 S. Figueroa St., Los Angeles, CA (the "Property"), as of September 23, 2009, in the amount of $240,197.10 (exclusive of attorneys fees, costs, interest and expenses, all of which are specifically asserted to be accruing).[1]

As the Motion seeks approval of a Disclosure Statement ("DS") requesting confirmation of an underlying Plan of Reorganization (the "Plan") that asserts that lien claimants such as MC be paid in like kind as general unsecured creditors, MC contends that the Plan violates, *inter alia*, the "Absolute Priority Rule", as well asserts that the DS fails to provide adequate information as required under the Code. *See,* 11 U.S.C. § 1125(a)(1).[2,3]

# II

## THE DS FAILS TO CONTAIN ADEQUATE INFORMATION

The standard to be utilized by this Court is to determine whether the DS contains "information of a kind, and ... detail ... that would enable ... a hypothetical investor of the relevant class to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1).

///

///

---

[1] The Court is requested to take judicial notice of the pleadings filed by MC asserting its unobjected to secured Mechanic's Lien (see docket nos. 38, 39, 58 and 95).

[2] MC reserves its rights to file appropriate joinders to pleadings and/or evidentiary objections filed by other interested parties in the case. MC's counsel also acknowledges that based on conversations with counsel for the Debtor it is believed that some or all of these objections will attempted to be resolved prior to the hearing.

[3] MC acknowledges that some of these matters go to confirmation of the Plan and reserves its rights to assert them at that time.

A. Failure to Provide Information relative to Lien Creditors' claims versus Unsecured Creditors claims versus other Secured Creditors claims (and the impact of Litigation related thereto).

Among other things, the DS fails to provide sufficient detail relative to claims held by creditors such as MC relative to the claims of other secured creditors, unsecured creditors and insider equity interests.

By way of example, the DS does not contain an adequate discussion as to why treatment of secured lien creditors should be identical to that of unsecured creditors and how payment to junior unsecured creditors will impact the potential timing and possible amounts to be paid senior lien claimants (such as MC) .[4]

Nor does the DS set forth adequate information relative to how confirmation of the Plan would impact the pending litigations seeking subordination and/or resolution concerning the priority and extent of the claims held by the purported senior secured creditor ("Corus").[5]

Without such data it appears difficult to find that the DS provides sufficient information for a party such as MC to be able to make an informed judgment as to whether its interests are best served by voting for or against the Plan.

B. The DS Fails to Assert a Basis for Interest to Accrue at 4% for MC's (and like kind) Claims and fails to Accommodate the Very Real Possibility That Such Claims Will Be Entitled to Reasonable Fees, Costs and Charges

Either pursuant to the pending litigation referred to in the DS and/or as a result of the

---

[4] In fact, treatment of secured lien creditors as against unsecured non-lien creditors point out a very real and difficult problem held by the Committee currently appointed in this Case and its potential (in)ability to act on behalf of all its constituent members (and creditor body) which appear to have disparate and conflicting interests. This has been a matter raised amongst counsel and given the Plan and treatment thereunder may require matters related thereto be brought before this Court.

[5] The Debtor attempts to deal with "unknown" contingencies, such as the impact of litigation, in its footnote 1 to the DS, but without further "real" potential, or at least probable, outcomes a creditor is at a loss to determine exactly what they will receive and when.

3

value of the Property, it appears quite possible that claims held by parties such as MC will include entitlement for payment of the principal amounts claimed due as well as interest (at an amount greater than 4%) and reasonable fees, costs and charges pursuant to 11 U.S.C. § 506(b).

The DS must be amended to disclose and accommodate these very real possibilities.

## III

## CONCLUSION

At present, the DS does not provide adequate information relative to a number of attendant areas, some of which are pointed out herein. While MC concedes that some of these issues could, and presumably will, be reserved for confirmation, the Court should require the Debtor to provide additional information as a precursor to approval of its Disclosure Statement.

Dated: February 4, 2010

STEINBERG, NUTTER & BRENT,
LAW CORPORATION

/s/ Paul M. Brent

PAUL M. BRENT,   Attorneys for Masonry Concepts, Inc.

| In re:<br>GTS 900 F, LLC<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 09-35127 VZ |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

23801 Calabasas Rd. #2031
Calabasas, CA 91302

A true and correct copy of the foregoing document described as **OBJECTION TO DEBTOR'S MOTION FOR ORDER APPROVING DEBTOR'S DISCLOSURE STATEMENT**
be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 2/04/10 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Paul M. Brent: snb300@aol.com
Cathrine M. Castaldi: ccastaldi@rusmiliband.com
Kevin C. Fields: KevinF@FieldsLG.com
Barry S. Glaser: bglaser@swjlaw.com
Allan H. Ickowitz: aickowitz@nossaman.com
Nicolino I. Iezza: niezza@spiwakandiezza.com
Jeanne M. Jorgensen: jjorgensen@pj-law.com, esorensen@pj-law.com
John W. Kim: jkim@nossaman.com
Michael S. Kogan: mkogan@ecjlaw.com
Andy Kong: Kong.Andy@ArentFox.com
David S. Kupetz: dkupetz@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com
Mette H. Kurth: kurth.mette@arentfox.com
Dare Law: dare.law@usdoj.gov
Joel S. Miliband: jmiliband@rusmiliband.com
Frank W. Molloy: jgalambos@hmspasadena.com, mdickey@hmspasadena.com
Daryl G. Parker: dparker@pszjlaw.com
Hamid R. Rafatjoo: hrafatjoo@pszjlaw.com, hrafatjoo@pszjlaw.com
Kurt Ramlo: kurt.ramlo@skadden.com
Bruce D. Rudman: bdr@agrlaw.net
Gregory M. Salvato: gsalvato@pmcos.com, calendar@pmcos.com
Nathan A. Schultz: schultzn@gtlaw.com
Marian K. Selvaggio: selvaggio@huntortmann.com
Pamela E. Singer: psinger@pszjlaw.com, ksuk@pszjlaw.com
Shashauna Szczechowicz: sszczechowicz@wolkincurran.com
Alan G. Tippie: atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com
Marcus Tompkins: mtompkins@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com
United States Trustee (LA): ustpregion16.la.ecf@usdoj.gov
Ronald Weiss: rwattyatlaw@aol.com
William E. Winfield: wwinfield@nchc.com
Aimee Y. Wong: aywong@mckennalong.com

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                F 9013-3.1

| In re:<br>GTS 900 F, LLC | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 09-35127 VZ |

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 2/04/10 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Hon. V. Zurzolo
USBC
255 E. Temple Street #1360
Los Angeles, CA 9012-3332

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 02/04/10 | P. Brent | /s/ Paul M. Brent |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.
January 2009                                                                                                                                F 9013-3.1