Van C. Durrer II (SBN 226693)
Ramon M. Naguiat (SBN 209271)
Emily C. Ma (SBN 246014)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile:  (213) 687-5600
van.durrer@skadden.com
ramon.naguiat@skadden.com
emily.ma@skadden.com

Attorneys for Corus Construction Venture, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.:  2:09-bk-35127-VZ |
| GTS 900 F, LLC, a California limited liability company, aka Concerto, | Chapter 11 |
| Debtor. | **Evidentiary Objections to Declaration of Sonny Astani in Support of Motion to Approve Updated Budget to Complete Construction, Eliminate Adequate Protection Payments, and Permit Payment of Expenses Consistent with Prior Approved Budget** |
| Tax ID # 20-2396211 | Date:      January 18, 2011<br>Time:      11:00 a.m.<br>Judge:     Hon. Vincent P. Zurzolo<br>Location:  Courtroom 1368<br>              255 E. Temple Street<br>              Los Angeles, CA  90012 |

1   Corus Construction Venture, LLC ("CCV") is the successor in interest to Corus Bank, N.A. ("Corus Bank") and holds the largest secured claim (the "CCV Secured Claim") against GTS 900 F, LLC (the "Debtor") with respect to the Debtor's Concerto development project (the "Project"). CCV hereby submits the following evidentiary objections to the Declaration of Sonny Astani in Support of Motion to Approve Updated Budget to Complete Construction, Eliminate Adequate Protection Payments, and Permit Payment of Expenses Consistent with Prior Approved Budget [Docket No. 948] (the "Astani Declaration" and, the declarant, "Mr. Astani") in accordance with Rule 9013-1(i) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, and in support of the Objection of Corus Construction Venture, LLC to Motion to Approve Updated Budget to Complete Construction, Eliminate Adequate Protection Payments, and Permit Payment of Expenses Consistent with Prior Approved Budget (the "Objection") filed concurrently herewith.[1]

As set forth in more detail below, multiple statements in the Astani Declaration are inadmissible under the Federal Rules of Evidence ("Fed. R. Evid."). First, and more generally, Mr. Astani fails to set forth a sufficient foundation for his assertions, as required by Fed. R. Evid. 104. He does not discuss how he came to many of the conclusions asserted in the Astani Declaration. He makes irrelevant assertions that, even if they were true, lack any probative value. Fed. R. Evid. 401. He tries to summarize portions of documents to prove the contents of such documents and in violation of the Best Evidence Rule. Fed. R. Evid. 1002 et seq. He offers the statements of other parties and individuals into evidence in contravention of the Hearsay Rule. Fed. R. Evid. 802. Finally, contrary to Fed. R. Evid. 701, he offers a number of opinions which appear to be based on specialized knowledge, even though he has not been qualified as an expert.

Accordingly, CCV objects to evidence proffered in the following paragraphs of the Astani Declaration:

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Objection.

1
Evidentiary Objections to Astani Declaration

**Paragraph 8**:

<u>Lack of Foundation (Fed. R. Evid. 104); Best Evidence Rule (Fed. R. Evid. 1002 et seq.)</u>:

Mr. Astani states:

> Approximately twice each month since the entry of the Cash Collateral Order, the Debtor has submitted a draw request to CCV for approval and CCV has approved such draw request (sometimes after significant delay)—until October 15, 2010, the approximate date that CCV brought in a new asset manager to oversee the Concerto Project. The Debtor submitted draw requests on October 15, 2010, October 30, 2010, and November 15, 2010, all of which requested disbursements fall within the parameters set forth in the CCV-approved September Budget. CCV has not approved any of these draw requests. As a consequence, the Debtor has not been permitted to pay any contractor or subcontractor for work captured by those draw requests. Further, the Debtor was not able to submit the draw request for November 30, due to halt of the funding and the shutdown of the project. There is therefore more than 60 days worth of work in place that remains unpaid. Astani Decl. 3:9-20.

The reference in Paragraph 8 to "significant delay" in connection with CCV's approval of prior draw requests is unsubstantiated and lacks foundation as Mr. Astani fails to cite to a single specific instance of any such delay. Additionally, the Paragraph 8 as a whole lacks foundation insofar as Mr. Astani improperly attributes the Debtor's funding issues to CCV's new asset manager without providing any relevant, supporting facts to substantiate such an inference. For example, Mr. Astani's asserts, in a conclusory manner, that the Debtor's draw requests "fall within the parameters set forth in the CCV-approved September Budget," yet he does not explain the reasoning underlying this assertion. Mr. Astani's contention that the "Debtor submitted draw requests on October 15, 2010, October 30, 2010, and November 15, 2010" violates the Best Evidence Rule in light of the fact that the contents of the documents, which were attached as Exhibit 7 to the Astani Declaration, indicate that the documents were signed and notarized on October 29, 2010, November 8, 2010, and December 1, 2010, respectively.

**Paragraph 12**:

    Lack of Foundation (Fed. R. Evid. 104):

    Mr. Astani states, "[t]he cost of completing the Concerto project is approximately $3,000,000." Astani Decl. 4:21-22. Mr Astani's assertion lacks foundation because it merely states a conclusion, for which Mr. Astani fails to cite relevant, supporting facts. The statement is inadmissible because Mr. Astani does not substantiate his reconciliation of the Proposed Budget and the proposition that $3,000,000 will be sufficient to complete the Concerto project. For example, the Mr. Astani does not discuss those items that the Debtor included and, more importantly, omitted from earlier proposed budgets to arrive at the Proposed Budget.

**Paragraph 13**:

    Lack of Foundation (Fed. R. Evid. 104):

    Mr. Astani states:

> CCV's refusal has created a significant delay and disruption of construction activity at the Concerto construction site, as the Debtor's contractor and subcontractors have not received payment for the work performed several months ago. Certain of these subcontractors have contacted the Debtor and alerted it that failure to make payment soon could result in the subcontractor going out of business. Astani Decl. 4:26–5:20.

Paragraph 13 lacks foundation because Mr. Astani improperly attributes "disruption of construction activity at the Concerto construction site" and the Debtor's failure to pay its contractor and subcontractors entirely to CCV without providing relevant, supporting facts to substantiate such a conclusion. Mr. Astani's statement relies upon the unwarranted assumption that CCV has arbitrarily or improperly withheld funding.

**Paragraph 14**:

<u>Relevance (Fed. R. Evid. 401); Best Evidence Rule (Fed. R. Evid. 1002 et seq.); Hearsay Evidence (Fed. R. Evid. 802)</u>:

Mr. Astani states:

> Earlier in this case, CCV asserted that the lien it acquired from Corus Bank was senior to all mechanic's liens and that the Concerto project had a value of $120,000,000. CCV has reversed its position regarding lien priority (conceding that mechanic's liens are senior) and the Court appointed valuation expert has concluded that the Concerto project has dramatically greater value that that asserted by CCV. Astani Decl. 5:3-7.

The assertion in Paragraph 14 that the mechanic's lien claims are senior in priority to the CCV Secured Claim is inadmissible for lack of relevance. Assuming that the mechanic's lien claims are in fact senior to the CCV Secured Claim, under that scenario, the seniority of the mechanic's lien claims would reduce rather than increase the amount available to satisfy the CCV Secured Claim. Also, to the extent that Mr. Astani attempts to summarize and interpret the contents of the Valuation Expert's report or declarations, Paragraph 14 violates the Best Evidence Rule. Furthermore, Paragraph 14 contains inadmissible hearsay given that Mr. Astani offers statements allegedly made by CCV into evidence to prove the truth of the matter asserted, and no exception to the Hearsay Rule applies.

**Pararaph 18**:

<u>Opinion Testimony by a Layperson (Fed. R. Evid. 701); Hearsay Evidence (Fed. R. Evid. 802)</u>:

Mr. Astani states:

> The Debtor has made these [adequate protection] payments to CCV even though throughout the case CCV has asserted that it is undersecured. In its proposed plan of reorganization, CCV states that if it is found to be undersecured, the adequate protection payments made by the Debtor will be applied to reduce the principal amount of CCV's claim. . . . CCV's plan is set for confirmation hearing on February 17, 2011, and seeks to transfer the Concerto project to CCV and strip the Debtor of control of its pending objection to CCV's claim and strip the Debtor of control of its pending objection to CCV's claim and affirmative claims against CCV. Astani Decl. 5:21-28.

1  Mr. Astani's interpretation of the terms of CCV's plan constitutes a legal conclusion which Mr.

2  Astani has not demonstrated he is qualified to give, and therefore Paragraph 18 is inadmissible

3  opinion testimony by a layperson. See GPF Waikiki Galleria, LLC v. DFS Group, L.P., No. 07-

4  00293, 2007 WL 3195089, at *5  (D. Haw. Oct. 30, 2007) ("Courts have prohibited 'expert legal

5  opinion on questions of law' because that 'interferes with the judge's role as the 'sole arbiter of the

6  law.'"). Furthermore, Paragraph 18 contains inadmissible hearsay to the extent that Mr. Astani

7  offers statements allegedly made by CCV into evidence to prove the truth of the matter asserted,

8  and no exception to the Hearsay Rule applies.

9  **Pararaph 19**:

10      Lack of Foundation (Fed. R. Evid. 104):

11  Mr. Astani states:

12
> [The] Concerto project requires approximately $3 million to complete by March
> 2011.  The Debtor will have adequate funds to make these payments, but only if the
13
> monthly payments to CCV are eliminated.  The Debtor has attempted to negotiate
> these issues with CCV and after significant efforts has been forced to bring this
14
> motion. Astani Decl. 6:1-4.
15

16  Paragraph 19 lacks foundation because it merely states a conclusion, for which the Mr. Astani fails

17  to cite relevant, supporting facts to substantiate. For example, the Mr. Astani does not discuss

18  those items that he included and, more importantly, omitted from the Proposed Budget.

19  **Pararaph 23**:

20      Best Evidence Rule (Fed. R. Evid. 1002 et seq.); Lack of Foundation (Fed. R. Evid. 104);

21  Opinion Testimony by a Layperson (Fed. R. Evid. 701):

22  Mr. Astani states:

23
> The Debtor is party to an Owner Controlled Insurance Program ("OCIP") which is
> an insurance policy that covers the work performed by thousands of subcontractors
24
> on the Concerto project since April 2006.  The policy is set to expire on March 31,
25
> 2011.  It has already been renewed three times, the maximum allowed per the terms
> of the contract, and has a cost of $5 million.  If work is not completed by March 31,
26
> 2011, the remaining work will not be covered by OCIP, which will have significant
> legal implications for the Debtor, as well as its contractors and subcontractors—
27
> potentially impairing their ability to provide warranties to home owners and/or
> defend themselves against claims for up [to] 10 years after the units are sold. Astani
28
> Decl. 6:23–7:6.

1  Paragraph 23 violates the violates the Best Evidence Rule insofar as Mr. Astani attempts to explain
2  and summarize the terms of the Debtor's OCIP insurance policy through testimony in lieu of
3  producing the actual document. Under the Best Evidence Rule, if a party seeks admission of
4  evidence to prove the contents of a writing, that party is generally required to submit to the Court
5  the original or a reliable duplicate of the writing in question. See Fed. R. Evid. 1002 et seq.;
6  Medina v. Multaler, 547 F. Supp.2d 1099, 1113 n.41 (C.D. Cal. 2007) (sustaining objection to
7  admissibility of plaintiff's declaration, which was offered to prove the content of certain emails).
8  In addition, by failing to introduce any documents relating to the OCIP insurance policy, Mr.
9  Astani provides no evidentiary basis to support his assertions. Fed. R. Evid. 104(b) provides, in
10 pertinent part, that "[w]hen the relevancy of evidence depends upon the fulfillment of a condition of
11 fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a
12 finding of the fulfillment of the condition." As such, Paragraph 23 is also inadmissible for lack of
13 foundation. Furthermore, Mr. Astani's interpretation of the terms of the OCIP insurance policy
14 and his discussion of its "legal implications" constitutes a legal conclusion which Mr. Astani has
15 not demonstrated he is qualified to give, and therefore Paragraph 23 and is inadmissible opinion
16 testimony by a layperson.

## Conclusion

18     In sum, CCV respectfully requests that the Court exclude the specified portions of the
19 Astani Declaration as inadmissible, for the reasons set forth above, and for such additional relief as
20 the Court deems appropriate.

| | |
|---|---|
| 1 | Date: December 23, 2010 |
| 2 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| 3 | By: */s/ Ramon N. Naguiat* |
| 4 | Van C. Durrer II (SBN 226693)<br>Ramon M. Naguiat (SBN 209271) |
| 5 | Emily C. Ma (SBN 246014)<br>300 South Grand Avenue, Suite 3400 |
| 6 | Los Angeles, California 90071<br>Telephone: 213-687-5000 |
| 7 | Facsimile: 213-687-5600 |
| 8 | Attorneys for Corus Construction Venture, LLC |