1  David S. Kupetz (CA Bar No. 125062)
      dkupetz@sulmeyerlaw.com
2  Steven F. Werth (CA Bar No. 205434)
      swerth@sulmeyerlaw.com
3  **Sulmeyer**Kupetz
   A Professional Corporation
4  333 South Hope Street, Thirty-Fifth Floor
   Los Angeles, California  90071-1406
5  Telephone: 213.626.2311
   Facsimile: 213.629.4520
6
   Bankruptcy Counsel for GTS 900 F, LLC,
7  Debtor and Debtor in Possession

8            **UNITED STATES BANKRUPTCY COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

10

11  In re                                    Case No. 2:09-bk-35127-VZ

12  GTS  900  F,  LLC,  a  California  limited    Chapter 11
    liability company, aka Concerto,
13                                            **DEBTOR'S PRELIMINARY OBJECTION
                Debtor.                       TO PLAN OF REORGANIZATION
14                                            PROPOSED BY CORUS
                                              CONSTRUCTION VENTURE, LLC**
15
                                              DATE:      February 17, 2011
16                                            TIME:      9:30 a.m.
                                              PLACE:     U.S. Bankruptcy Court
17                                                        Courtroom 1368
                                                          255 East Temple Street
18                                                        Los Angeles, CA 90012

19

20  Tax ID # 20-2396211
21

22

23

24

25

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

GTS 900 F, LLC (the "Debtor"), debtor in possession, submits this preliminary objection to the plan (the "CCV Plan") proposed by Corus Construction Venture, LLC ("CCV"), and respectfully represents as follows:

1.    The CCV Plan violates 11 U.S.C. § 1129(a)(1).  The CCV Plan does not comply with the applicable provisions of title 11, including sections 1122 and 1123 of the Bankruptcy Code.  The CCV Plan improperly classifies claims, incorrectly identifies certain classes as impaired and incorrectly labels other classes as unimpaired, and contains provisions that are improper, including (without limitation) provisions stripping non-debtor parties (e.g., Astani Construction, Inc.) of rights and claims against other non-debtor parties, treating CCV's disputed claim as if it has been allowed, and providing CCV with value greater than its potential allowed claim.

2.    The CCV Plan violates 11 U.S.C. § 1129(a)(2).  In connection with the CCV Plan, CCV is not in compliance with applicable provisions of title 11, including CCV's actions that have forced the shutdown of construction at the Debtor's real estate project (the "Project") as part of CCV's litigation tactic designed to depress the value of the Project in connection with the CCV Plan.

3.    The CCV Plan violates 11 U.S.C. § 1129(a)(3).  The CCV Plan is not presented in good faith.  The Debtor believes that the sale process in a prior plan filed by CCV in this case on September 3, 2010, was designed to minimize the value obtained in a sale of the Project in order to give CCV ownership at a fire sale price.  Moreover, the Debtor believes that the further amended plan filed by CCV on September 22, 2010, and the current CCV Plan are designed to accomplish the same goals as the amended plan filed by CCV on September 3, 2010.  The Debtor is aware that CCV has made presentations to its investors that "CCV maximizes returns through foreclosure."  The CCV Plan is the equivalent of a foreclosure, except that it eliminates the need for CCV to comply with state foreclosure law requirements, circumvents CCV's pending motion for relief from the automatic stay (in which CCV asserts that the Project has a value of $122,000,000, even though CCV knew that a reasonable valuation conclusion for the

1   Project would be dramatically higher), and is designed to strip away from the Debtor the

2   pending objection to CCV's disputed claim and the pending litigation against CCV.

3   Meanwhile, CCV, after asserting throughout the majority of this case that the Project has

4   a value of $122,000,000 and that CCV's lien was senior to all other liens on the Project,

5   changed its position on those issues, and purchased for 100 cents on the dollar the

6   claims of virtually all creditors of the Debtor in order to block the Debtor's ability to confirm

7   a chapter 11 plan (all creditors of the Debtor, except for CCV and its affiliates, previously

8   voted in favor of the Debtor's prior plan that the Court declined to confirm).

9          4.      The CCV Plan fails to comply with 11 U.S.C. § 1129(a)(7).  Pursuant

10  to the CCV Plan, CCV treats its claim against the Debtor as an allowed claim.  However,

11  the CCV claim has not been allowed and is subject to objection and litigation pending

12  before the Court.  Moreover, interest holders would receive a distribution in a liquidation

13  of the Debtor and the CCV Plan fails to provide for the necessary payment to interest

14  holders especially in light of CCV not holding an allowed claim.

15         5.      The CCV Plan will not satisfy 11 U.S.C. § 1129(a)(8).  While the

16  results of voting on the CCV Plan are not yet available, the Debtor believes that all

17  impaired classes (other than the purported impaired classes of claims held by CCV –

18  CCV's secured claim and CCV's alleged deficiency claim), will vote against the CCV

19  Plan.

20         6.      The CCV Plan violates 11 U.S.C. § 1129(a)(10).  All impaired

21  classes other than those classes of claims held by CCV and entities it created to buy

22  claims are anticipated to vote against the Plan.  The CCV Plan will not have been

23  accepted by an impaired non-insider class.  The only purported classes that are

24  anticipated to vote in favor of the CCV Plan will be those for disputed claims actually held

25  by CCV (insiders of the plan proponent).  Accordingly, no disinterested creditor will have

26  voted in favor of CCV's cram down plan.

27

28

1    7.    The CCV Plan violates 11 U.S.C. § 1129(a)(11).  The CCV Plan is

2   not feasible since the Plan is premised upon CCV holding an allowed claim and CCV

3   does not hold an allowed claim.

4    8.    The CCV Plan violates 11 U.S.C. § 1129(b).  The Plan unfairly

5   discriminates between its treatment of CCV's disputed claim and the treatment of other

6   claims pursuant to the Plan.  All other claims against the Debtor are not entitled to

7   treatment under the Plan unless and until such claims have been allowed.  The CCV plan

8   further discriminates against the "Astani" claimants who CCV incorrectly asserts are

9   subject to a subordination agreement.  No such subordination agreement has been

10   executed by Astani Construction, Inc., or any other party.  Further, the CCV Plan is not

11   fair and equitable.  As stated above, CCV does not hold an allowed claim.  Nonetheless,

12   the CCV Plan provides for the transfer of consideration to CCV with a value in excess of

13   any allowed claim of CCV.  To determine whether CCV is receiving more than its allowed

14   claim, a prerequisite to confirmation of the CCV Plan, the amount of CCV's allowed claim

15   must be determined.

16    9.    The transfer of the Project to CCV free and clear of liens is in

17   violation of applicable law and renders the CCV Plan unconfirmable.

18    10.    The CCV Plan improperly discriminates in favor of CCV and against

19   creditors and equity holders who are not affiliated with CCV.

20    11.    The CCV Plan incorrectly characterizes Class 2 thereunder as

21   unimpaired.

22    12.    The CCV Plan incorrectly characterizes Class 5 thereunder as

23   unimpaired.

24    13.    The CCV Plan fails to satisfy the cramdown requirements with regard

25   to Classes 6 and 7, which have voted against the CCV Plan.

26    14.    The appointment of the plan administrator under the CCV plan is

27   unnecessary and inappropriate.

28

1         15.    The CCV Plan fails to provide nonconsenting, impaired interest

2 holders with at least as much as they would receive in a chapter 7 liquidation.

3

4 DATED: January *10*, 2011          **Sulmeyer**Kupetz
                                  A Professional Corporation

5

6

7                     By: _____

8                         David S. Kupetz
                        Bankruptcy Counsel for GTS F, LLC
                        Debtor and Debtor in Possession

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| In re:<br><br>GTS 900 F, LLC<br><br>                                                    Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 2:09-BK-35127-vz |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California  90071-1406

A true and correct copy of the foregoing document described as **DEBTOR'S PRELIMINARY OBJECTION TO PLAN OF REORGANIZATION PROPOSED BY CORUS CONSTRUCTION VENTURE, LLC** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On January 10, 2011 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

- Paul M Brent - on behalf of Creditor Masonry Concepts                                    snb300@aol.com
- Cathrine M Castaldi - on behalf of Creditor MR. CRANE, INC.                              ccastaldi@rusmiliband.com
- Kevin C Fields - on behalf of Creditor Superior Wall Systems, Inc.                        KevinF@FieldsLG.com
- David K. Eldan – on behalf of Interested Party Courtesy NEF    alvarado@pmcos.com; rpinal@pmcos.com; calendar@pmcos.com
- Yan Gershfeld - on behalf of Creditor Carpenters Southwest Administrative Corporation  etc.    ygershfeld@deconsel.com
- Barry S Glaser - on behalf of Creditor Psomas, a California corporation                    bglaser@swjlaw.com
- Allan H Ickowitz - on behalf of Defendant FDIC as Receiver for Corus Bank, N.A.            aickowitz@nossaman.com
- Nicolino I Iezza - on behalf of Creditor West Coast Door and Moulding                      niezza@spiwakandiezza.com
- Jeanne M Jorgensen - on behalf of Creditor Park West Landscape, Inc.    jjorgensen@pj-law.com, esorensen@pj-law.com
- Gary M Kaplan - on behalf of Creditor Psomas, a California corporation                    gkaplan@fbm.com
- John W Kim - of Interested Party FDIC as Receiver for Corus Bank, N.A.                    jkim@nossaman.com
- Michael S Kogan - on behalf of Creditor Ervin Cohen & Jessup LLP                          mkogan@ecjlaw.com
- David S Kupetz - on behalf of Debtor GTS 900 F, LLC                                      dkupetz@sulmeyerlaw.com
- Dare Law - on behalf of U.S. Trustee United States Trustee (LA)                          dare.law@usdoj.gov
- Joel S. Miliband - on behalf of Interested Party Courtesy NEF                            jmiliband@rusmiliband.com
- Frank W Molloy - on behalf of Creditor Alno Pasadena    jgalambos@hmspasadena.com, mdickey@hmspasadena.com
- James S Monroe - on behalf of Creditor Sold2U, Inc                                        jim@monroe-law.com
- Ramon Naguiat - on behalf of Interested Party Courtesy NEF                                rnaguiat@skadden.com
- Daryl G Parker - on behalf of Plaintiff Official Committee of Creditors Holding Unsecured Claims    dparker@pszjlaw.com
- Hamid R Rafatjoo   - on behalf of Creditor Committee of Creditors Holding Unsecured Claims    hrafatjoo@venable.com
- ataylor@venable.com; revey@venable.com; jnassiri@venable.com; bclark@venable.com
- Kurt Ramlo - on behalf of Creditor Corus Construction Venture, LLC                        kurt.ramlo@dlapiper.com
- Bruce D Rudman - on behalf of Creditor JW DOOR CORPORATION                                bdr@agrlaw.net
- Gregory M Salvato - on behalf of Creditor Astani Construction, Inc.                        gsalvato@salvatolawoffices.com
- Nathan A Schultz - on behalf of Creditor Murray Company                                  schultzn@gtlaw.com
- Pamela E Singer - on behalf of Creditor Com.ee of Creditors Holding Unsecured Claims        psinger@pszjlaw.com
                                                                                            ksuk@pszjlaw.com
- Shashauna Szczechowicz - on behalf of Creditor Architectural Glass and Aluminum Company    sszczechowicz@wolkincurran.com
- Alan G Tippie - on behalf of Debtor GTS 900 F, LLC                                        atippie@sulmeyerlaw.com
- Marcus Tompkins - on behalf of Debtor GTS 900 F, LLC                                      mtompkins@sulmeyerlaw.com
- United States Trustee (LA)                                                                ustpregion16.la.ecf@usdoj.gov
- Ronald Weiss - on behalf of Creditor 888 Enterprises Ltd                                  rwattyatlaw@aol.com
- Sharon Z Weiss - on behalf of Creditor DeStefano and Partners, Ltd.                        sharon.weiss@hro.com
- William E Winfield - on behalf of Creditor ALNO USA                                      wwinfield@nchc.com
- Steven Werth – on behalf of Debtor GTC 900 F, LLC                                        swerth@sulmeyerlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | |
|---|---|
| In re:<br><br>GTS 900 F, LLC<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 2:09-BK-35127-vz |

## II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):

On January 10, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Richard A Clark
Parker, Milliken, Clark et al.
555 S Flower 30th Flr
Los Angeles, CA 90071-2440

Jeffrey Cluett
QUADROS & JOHNSON, LLP
247 North San Mateo Drive
San Mateo, CA 94401

James D Curran
Wolkn Curran LLP
555 Montgomery St Ste 1100
San Francisco, CA 94111

Gary Ganchrow
Parker Milliken Clark et al
555 S Flower 30th Fl
Los Angeles, CA 90071-2440

Bruce A Hatkoff
16633 Ventura Blvd #940
Encino, CA 91436-1801

Andy Kong
Arent Fox LLP
555 West Fifth Street , 48th Floor
Los Angeles, CA 90013

Michael S Kogan

Van C Durrer
Skadden Arps Slate Meagher & Flom LLP
300 S. Grand Avenue, Ste. 3400
Los Angeles, CA 90071-3144

ERVIN, COHEN & JESSUP LLP
9401 Wilshire blvd., Ninth Floor
Beverly Hills, CA 90212-2974

E Scott Holbrook
1290 E Ctr Crt Dr
Covina, CA 91724

McLeon Door West, Inc.
10743 Progress Way
Cypress, CA 90630

David C. Palmer
Wagner Palmer PC
400 Oceangate Ste. 700
Long Beach, CA 90802

Mette H. Kurth
Arent Fox LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013

ACCO Engineered Systems, Inc.
6265 San Fernando Road
Glendale, CA 91201

Betty S. Chain
15233 Ventura Blvd., #1200
Sherman Oaks, CA 91403

Shaun Paisley
Kirkland & Ellis LLP
333 So. Hope St
Los Angeles, Ca 90071

☒ Service Information continued on attached page.

## III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on January 10, 2011 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method ) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Vincent P. Zurzolo
U.S. Bankruptcy Court
Roybal Federal Building
Bin outside of suite 1360
225 E. Temple Street
Los Angeles, CA 90012

☒ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 10, 2011 | Debbie A. Perez | /s/ Debbie A. Perez |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009
DKUPETZ\ 700059.1 1/10/2011 (1:24 PM)

F 9013-3.1