HAMID R. RAFATJOO (SBN 181564)
    hrafatjoo@venable.com
JENNIFER L. NASSIRI (SBN 209796)
    jnassiri@venable.com
**VENABLE LLP**
2049 Century Park East, Suite 2100
Los Angeles, California  90067
Telephone:    (310) 229-9900
Facsimile:    (310) 229-9901

Attorneys for Official Committee of
Creditors Holding Unsecured Claims

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

### UNITED STATES BANKRUPTCY COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In Re:<br><br>GTS 900 F, LLC, a California limited liability company, aka Concerto,<br><br>Debtor. | Case No.        2:09-bk-35127-VZ<br><br>Chapter 11<br><br>**FIRST AND FINAL APPLICATION OF VENABLE LLP FOR APPROVAL OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS ATTORNEYS FOR THE OFFICIAL COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS (MAY 6, 2010 THROUGH FEBRUARY 28, 1011); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF HAMID R. RAFATJOO IN SUPPORT THEREOF**<br><br>Date:  April 7, 2011<br>Time: 1:30 p.m.<br>Place: Courtroom 1368<br>        255 E. Temple Street<br>        Los Angeles, CA 90012<br>        Judge: Hon. Vincent P. Zurzolo |

LA1 #297798

# COVER SHEET

| | |
|---|---|
| **Name of Applicant:** | Venable LLP |
| **Counsel for:** | The Official Committee of Unsecured Creditors |
| **Date of Retention:** | Order entered July 1, 2010 [Docket No. 499] *nunc pro tunc* to May 6, 2010 |
| **Period for which compensation and reimbursement of expenses is sought:** | May 6, 2010 through February 18, 2011 |
| **Amount of Compensation Sought:** | $263,232.50 |
| **Amount of Expense Reimbursement Sought:** | $14,012.55 |
| **Amount Previously Paid:** | ($124,590.60) |
| **Outstanding Balance Due:** | $152,654.45 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

LA1 #297798

FIRST AND FINAL FEE APPLICATION OF VENABLE LLP

# TABLE OF CONTENTS

**Page**

I.    COMPLIANCE WITH LOCAL RULES AND GUIDES ...............................................1

    A.    Local Rules and Guides. ..................................................................1

    B.    Compensation and Expenses Sought. ..............................................1

II.   OVERVIEW OF THIS BANKRUPTCY CASES                                              2

    A.    Brief Narrative History and the Present Posture of the Cases ...........2

III.  NARRATIVE STATEMENT OF SERVICES  RENDERED
AND TIME EXPENDED                                                                 3

    A.    Services Performed and Time Expended During Application Period. ...............3

        1.    Bankruptcy Appeals.................................................................3

        2.    Cash Collateral Issues/Post Petition Financing.........................4

        3.    Creditors' Committees..............................................................4

        4.    Disposition of Collateral. .........................................................4

        5.    Employment of Professionals. ..................................................4

        6.    Fee Applications and Compensation of Other Professionals...................5

        7.    Financial Filings......................................................................5

        8.    General Operations. .................................................................5

        9.    Hearing....................................................................................6

        10.   Lift Stay / Adequate Protection................................................6

        11.   Other Adversary Proceedings/Other Court Litigation/Preference
and Avoidance Actions. ...........................................................6

        12.   Plan and Disclosure Statement.................................................6

        13.   Proofs of Claim/Claim Objections.............................................7

    B.    Detailed Listing of All Time Spent by the Professional on the Matters for
Which Compensation is Sought.....................................................7

    C.    List of Expenses by Category. ........................................................7

    D.    Hourly Rates. ................................................................................7

    E.    Description of Professional Education and Experience.......................7

    F.    Notice of Application and Hearing. .................................................8

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

i

IV.    THE FEES AND EXPENSES REQUESTED SHOULD BE AWARDED
BASED UPON APPLICABLE LAW ................................................................ 8

    A.    Factors In Evaluating Requests for Compensation. ............................... 8

    B.    The Lodestar Award Should be Calculated by Multiplying a Reasonable
Hourly Rate by the Hours Expended. .................................................... 9

V.    CONCLUSION .......................................................................................... 11

**V E N A B L E  L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FIRST AND FINAL FEE APPLICATION OF VENABLE LLP

# TABLE OF AUTHORITIES

**Page**

## Cases

Blum v. Stenson,
    465 U.S. 886 (1984).................................................................9

First Colonial Corp. of Am.,
    544 F.2d 1291 (5th Cir. 1977) ............................................9

In re Boddy,
    950 F.2d 334 (6th Cir. 1991) ...........................................10

In re Manoa Finance Co., Inc.,
    853 F.2d 687 (9th Cir. 1988) .............................................9

Johnson v. Georgia Highway Express, Inc.,
    488 F.2d 714 (5th Cir. 1974) .........................................9, 10

Kerr v. Screen Extras Guild,
    526 F. 2d 67 (9th Cir. 1975), cert. denied,
    425 U.S. 951, 96 S.Ct. 726, 48 L.Ed 2d 1985 (1976)............1, 9, 10

Matter of Schaeffer,
    71 B.R. 559, 563 (Bankr. S.D. Ohio 1987)........................9

Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,
    478 U.S. 546 (1986)........................................................10

## Statutes

11 U.S.C. § 101-1532.............................................................1

11 U.S.C. § 330.............................................................1, 8, 9

11 U.S.C. § 331....................................................................1

42 U.S.C. § 1988.................................................................9

42 U.S.C. § 2000.................................................................9

42 U.S.C. § 7401...............................................................10

FIRST AND FINAL FEE APPLICATION OF VENABLE LLP

1    TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES

2    BANKRUPTCY JUDGE, THE REORGANIZED DEBTOR, THE OFFICE OF THE

3    UNITED STATES TRUSTEE, AND ALL PARTIES REQUESTING SPECIAL NOTICE:

4    Venable LLP ("Venable" or the "Firm") hereby submits this First and Final Application

5    (the "Application") of Venable LLP for Final Approval of Compensation and Reimbursement

6    of Expenses as Attorneys for the Official Committee of Creditors Holding Unsecured Claims

7    (the "Committee") for the period of May 6, 2010 through February 18, 2011 (the "Application

8    Period").    As discussed below, the Firm seeks allowance and payment of final fees and

9    expenses in the amount of $277,245.05, consisting of $263,232.50 in fees and $14,012.55

10    expenses incurred during the Application Period.  In addition, the Firm has reduced its fees by

11    $5,301.50 and its expenses by $50.00.

**I.**

12

13    **COMPLIANCE WITH LOCAL RULES AND GUIDES**

14    **A.    Local Rules and Guides.**

15    Local Bankruptcy Rule 2016 sets forth certain requirements that a professional must

16    satisfy in order to obtain an award for fees and costs.  Cases applying Sections 330 and 331 of

17    the Bankruptcy Code, 11 U.S.C. §  §101 - 1532. (the "Bankruptcy Code") have called for courts

18    to consider the twelve factors that the Ninth Circuit of Appeals articulated in <u>Kerr v. Screen

19    Extras Guild</u>, 526 F. 2d 67, 70 (9th Cir. 1975), <u>cert. denied</u>, 425 U.S. 951, 96 S.Ct. 726, 48 L.Ed

20    2d 1985 (1976).  As set forth more fully herein, this Application complies with all statutory

21    guidelines and Court-imposed requirements.

22    **B.    Compensation and Expenses Sought.**

23    The Firm has not filed any prior fee applications in this case.

24    By way of this Application, the Firm seeks final allowance of fees and expenses and

25    payment of its unpaid fees and expenses for the Application Period as set forth below:

26    ///

27    ///

28    ///

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

V E N A B L E  L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

| | | | | | | |
|---|---|---|---|---|---|---|
| Fees Sought: | | | $263,232.50 | | | |
| Expenses Sought: | | | $ 14,012.55 | | | |
| Total: | | | $277,245.05 | | | |
| Previously Paid: | | | $124,590.60 | | | |

Blended Hourly Rate for this Application:

Including paraprofessionals:        $453.85

Excluding paraprofessionals:        $506.30

During the Application Period Venable has submitted requests for monthly compensation and reimbursement of expenses and has received funds from the Debtor in this Bankruptcy Case as follows:

| Month | Professional Fees Requested | Reimbursable Expenses Requested | Total | Professional Fees Paid | Expenses Paid | Balance Due to Venable |
|---|---|---|---|---|---|---|
| May 2010[1] | 49,044.00 | 251.60 | 49,295.60 | 49,339.00 | 251.60 | -295.00 |
| June 2010 | 55,811.50 | 935.99 | 56,747.49 | 55,811.50 | 935.99 | 0.00 |
| July 2010 | 76,280.50 | 3,611.10 | 79,891.60 | 14,641.41 | 3,611.10 | 61,639.09 |
| August 2010 | 32,823.00 | 8,294.06 | 41,117.06 | 0.00 | 0.00 | 41,117.06 |
| September 2010 | 21,298.00 | 179.34 | 21,477.34 | 0.00 | 0.00 | 21,477.34 |
| October 2010 | 6,923.00 | 377.58 | 7,300.58 | 0.00 | 0.00 | 7,300.58 |
| November 2010 | 4,924.00 | 119.16 | 5,043.16 | 0.00 | 0.00 | 5,043.16 |
| December 2010 | 1,508.50 | 11.48 | 1,519.98 | 0.00 | 0.00 | 1,519.98 |
| January 2011[2] | 10,587.50 | 205.20 | 10,792.70 | 0.00 | 0.00 | 10,792.70 |
| February 2011[2] | 4,032.50 | 27.04 | 4,059.54 | 0.00 | 0.00 | 4,059.54 |
| **TOTALS** | 263,232.50 | 14,012.55 | 277,245.05 | 119,791.91 | 4,798.69 | 152,654.45 |

[1] Professional Fee Statement No. 1 for March, 2010 included a time entry from March 5, 2010.  Venable has reduced this Fee Statement by $295.00 for that time entry.
[2] Professional Fee Statements for January and February were not submitted to the Court.

## II.

## OVERVIEW OF THIS BANKRUPTCY CASES

A.    **Brief Narrative History and the Present Posture of the Cases**

On September 17, 2009 (the "Petition Date"), the Debtor commended this chapter 11 case by filing a voluntary petition under chapter 11 of the Bankruptcy Code.

On October 16, 2009, the Office of the United States Trustee appointed the Committee [Docket 42].  On November 12, 2009, the Committee filed an *Application to Employ Pachulski Stang Ziehl & Jones LLP as Counsel Nunc Pro Tunc as of October 16, 2009* (the "PSZ&J

1  Application") [Docket No. 77].  An order granting the PSZ&J Application was entered by the

2  Court on January 6, 2010.  [Docket No. 120].

3      On May 6, 2010, Mr. Rafatjoo joined Venable as a partner.  On May 20, 2010, a notice

4  of Substitution of Attorney was filed on behalf of Venable [Docket No. 267].  On July 1, 2010,

5  the Court granted the Committee's application to employ Venable [Docket No. 499].  A true

6  and correct copy of the Order employing Venable is attached hereto as Exhibit "A."

7      On February 17, 2011, the Court held a hearing on *Corus Construction Venture, LLC's*

8  *Conditional Motion to (I) Approve the Settlement, (II) Authorize Modifications to Corus*

9  *Construction Venture LLC's Plan of Reorganization, and (III) Confirm the Modified Plan*

10  [Docket No. 1050] and confirmation of the *Modified Plan of Reorganization Proposed by*

11  *Corus Construction Venture, LLC* [Docket No. 1084] (the "Modified Plan").  On February 17,

12  2011, the Court entered an order [Docket No. 1088] (the "Confirmation Order") confirming the

13  Modified Plan.  On February 18, 2011, the Modified Plan went effective (the "Effective Date").

14      The narrative history and the current posture of the Debtor's case is presented in greater

15  detail in the fee application of Debtor's counsel.

16                                  **III.**

17                    **NARRATIVE STATEMENT OF SERVICES**

18                      **RENDERED AND TIME EXPENDED**

19      Venable classified into categories all services performed for which compensation is

20  sought for the Application Period.  Venable attempted to place each service performed in the

21  category that best relates to such service.  However, because certain services may relate to one

22  or more categories, services pertaining to one category may in fact be included in another

23  category.

24  **A.    Services Performed and Time Expended During Application Period.**

25          1.    Bankruptcy Appeals.

26      The services in this category relate, to the Committee's appeal of the Court's order

27  granting Corus Construction Venture, LLP's ("Corus") motion to dismiss the complaint filed by

28  ///

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

the Committee against Corus for declaratory relief regarding the validity, priority and extent of

liens. Corus ultimately stipulated to the priority of the mechanic's liens and a voluntary

dismissal of the appeal of was filed.

Total Hours:   89.40

Total Fees:   $31,348.00

2.    Cash Collateral Issues/Post Petition Financing

During the Application Period, the Firm reviewed, analyzed and addressed issues

regarding adequate protection payments and cash collateral usage and responded to e-mails

regarding same. The Committee participated in negotiations with Corus which led to both a

reduction in the amount of the adequate protection payments being made and the creation of a

fund for payment to creditors prior to confirmation of the plan. In addition, the Firm reviewed,

analyzed and addressed issues relating to the motion to appoint a Chapter 11 trustee filed by

Corus.

Total Hours:   21.60

Total Fees:   $9,585.00

3.    Creditors' Committees.

During the Application Period, the Firm held regularly scheduled conference calls with

the Committee and advised the Committee regarding the status of the case, settlement

discussions, and related issues.

Total Hours:   12.80

Total Fees:   $8,320.00

4.    Disposition of Collateral.

The Firm briefly analyzed issues regarding the sale of tower units.

Total Hours:   0.40

Total Fees:   $260.00

5.    Employment of Professionals.

During the Application Period, the Firm drafted its application to be employed and

reviewed and analyzed the supplemental declaration of Debtor's counsel regarding its retainer.

1    In addition, the Firm addressed issues relating to the application to employ Moran & Company

2    as the Debtor's real estate broker.

3                                    Total Hours:    13.80

4                                    Total Fees:     $3,701.50

5          6.    Fee Applications and Compensation of Other Professionals.

6          The fees incurred in this category relate primarily to the following:  (1) the preparation

7    and service of monthly fee statements for the Firm; and (2) the review and analysis of the fee

8    statements of the estate's other professionals.

9                                    Total Hours:    12.70

10                                   Total Fees:     $6,130.50

11         7.    Financial Filings.

12         During the Application Period, the Firm reviewed and analyzed monthly operating

13   reports.

14                                   Total Hours:    .50

15                                   Total Fees:     $325.00

16         8.    General Operations.

17         During the Application Period, the Firm among other things:  (1) prepared for and

18   participated in numerous meetings with the Debtor and other parties in interest regarding the

19   status of the case and how to proceed; (2) maintained a critical dates memorandum setting forth

20   upcoming deadlines and hearing dates in the case; and (3) maintained communications with the

21   creditors regarding case issues.  The Firm believes that the services are necessary for the proper

22   administration of the case.

23                                   Total Hours:    57.50

24                                   Total Fees:     $15,238.00

25   ///

26   ///

27   ///

28   ///

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

FIRST AND FINAL FEE APPLICATION OF VENABLE LLP

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

9.    Hearing.

The fees billed in this category relate to the preparation for and attendance at omnibus hearings.

Total Hours:    5.50

Total Fees:    $3,657.50

10.    Lift Stay / Adequate Protection

During the Application Period, the Firm reviewed, analyzed and addressed issues regarding the motion for relief from stay that was filed by Corus.

Total Hours:  3.70

Total Fees:  $2,095.00

11.    Other Adversary Proceedings/Other Court Litigation/Preference and Avoidance Actions.

During the Application Period, the Firm reviewed and analyzed issues relating to the various adversary proceedings pending in the case.

Total Hours:    3.3

Total Fees:    $1,358.50

12.    Plan and Disclosure Statement.

During the Application Period, the Committee, Debtor, Corus and Astani Construction Inc. attended mediation and engaged in numerous discussions in an attempt to reach a resolution.    As a result, the plan went through numerous revisions which required corresponding revisions to the plan support documents.  Throughout the process, the Committee maintained its position that the general unsecured creditors and the mechanic's lien holders must be paid in full.  As a result of the Firm's efforts, both the Debtor's plan and Corus's plan provided for the payment in full of the creditors.  Notwithstanding a contested confirmation process, the parties were able to reach a settlement prior to the confirmation hearing.

Total Hours:    300.20

Total Fees:    $156,559.50

///

13.    Proofs of Claim/Claim Objections.

During the Application Period, the Firm reviewed, analyzed and addressed issues pertaining to claim objections and settlement of claims. In addition, the Firm addressed issues relating to distributions to creditors.

Total Hours:   58.60

Total Fees:    $24,654.00

**B.    Detailed Listing of All Time Spent by the Professional on the Matters for Which Compensation is Sought.**

Exhibit "B" contains a summary, by category, of the Firm's services and expenses in these cases that were incurred during the Application Period in each of the Firm's billing categories. Such summary includes the time spent, rate and billing attributable to each person who performed compensable services. In addition, Exhibit "B" contains a monthly breakdown of fees incurred during this Application Period. Exhibit "F" contains the Firm's detailed time records during this period.

**C.    List of Expenses by Category.**

The Firm incurred costs in the amount of $14,012.55, including certain in-house charges in connection with the performance of the services described in this Application. The costs incurred are summarized in Exhibit "C" attached hereto. The Firm has charged for photocopying charges at 20¢ per page, facsimile charges at $1.00 per page, and has also charged for unusual expenses, *i.e.*, travel, court costs and special messenger services, including Federal Express.

**D.    Hourly Rates.**

The hourly rates in place during the Application Period of all professionals and paraprofessionals rendering services in these cases are set forth on Exhibit "D" attached hereto.

**E.    Description of Professional Education and Experience.**

Attached hereto and marked Exhibit "E" is a description of the professional education and biographies of Venable professionals who rendered services in these cases. Venable has no understanding, agreement, or arrangement of any kind to divide with or pay to anyone any of

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1  the fees to be awarded in these proceedings, except to the extent such fees are shared among

2  members of the Firm.

3  **F.    Notice of Application and Hearing.**

4          As reflected by the appropriate proofs of service filed concurrently herewith,

5  appropriate notice of the hearing on this Application has been given to the Office of the United

6  States Trustee, the Debtor, creditors and other interested parties in accordance with Federal

7  Rule of Bankruptcy Procedure 2002.  Complete copies of this Application were served upon the

8  Debtor, Debtor's counsel, Corus's counsel, and the Office of the United States Trustee.

9  Complete copies of the Application will also be furnished to any other party upon specific

10 request.    Therefore, notice is adequate under the circumstances and in accordance with

11 Bankruptcy Rules 2002(a)(6) and 2002(c)(2).

12                                         IV.

13          **THE FEES AND EXPENSES REQUESTED SHOULD BE AWARDED**

14                   **BASED UPON APPLICABLE LAW**

15          The fees and expenses requested by this Application are an appropriate award for the

16 Firm's services in acting as bankruptcy counsel to the Committee.

17 **A.    Factors In Evaluating Requests for Compensation.**

18          Pursuant to Section 330 of the Bankruptcy Code, the Court may award to a professional

19 person, reasonable compensation for actual, necessary services rendered, and reimbursement

20 for actual, necessary expenses incurred.  As set forth above, the fees for which the Firm

21 requests compensation and the costs incurred for which the Firm requests reimbursement are

22 for actual and necessary services rendered and costs incurred.  The professional services

23 rendered by the Firm have required an expenditure of significant time and effort.  During the

24 Application Period, the Firm's employees have recorded 580.00 hours.  The Firm's blended

25 hourly rate for the Application Period including paraprofessionals is $453.85.

26          Moreover, time and labor devoted is only one of many pertinent factors in determining

27 an award of fees and costs.  Based on the skill brought to bear in these cases by the Firm and

28 the results obtained and in light of the accepted lodestar approach, the Firm submits that the

**V E N A B L E  L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

FIRST AND FINAL FEE APPLICATION OF VENABLE LLP

1    compensation requested herein is reasonable and appropriate.

2    **B.    The Lodestar Award Should be Calculated by Multiplying a Reasonable Hourly**

3    **Rate by the Hours Expended.**

4    In determining the amount of allowable fees under Section 330(a), courts are to be

5    guided by the same "general principles" as are to be applied in determining awards under the

6    federal fee-shifting statutes, with "some accommodation to the peculiarities of bankruptcy

7    matters." In re Manoa Finance Co., Inc., 853 F.2d 687, 691 (9th Cir. 1988); see also Matter of

8    Schaeffer, 71 B.R. 559, 563 (Bankr. S.D. Ohio 1987).

9    Twelve factors relevant to determining such fees were identified in Johnson v. Georgia

10   Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974), a Title VII class action case

11   under the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq. and Kerr v. Screen Extras Guild,

12   Inc., 526 F. 2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976):  (1) the time and labor

13   required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the

14   legal service properly, (4) the preclusion of other employment by the attorney due to acceptance

15   of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations

16   imposed by the client or the circumstances, (8) the amount involved and the results obtained,

17   (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case,

18   (11) the nature and length of the professional relationship with the client, and (12) awards in

19   similar cases.  See First Colonial Corp. of Am., 544 F.2d 1291 (5th Cir. 1977) (Johnson criteria

20   applicable in bankruptcy cases).

21   While the Johnson and Kerr courts only offered guidelines as to relevant factors, in

22   1984, the Supreme Court, in enunciating guidelines to determine reasonable fees under the

23   Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, held:

24   the initial estimate of a reasonable attorney's fee is properly calculated by multiplying

25   the number of hours reasonably expended on the litigation times a reasonable hourly rate . . . .

26   Adjustments to that fee then may be made as necessary in the particular case.

27   Blum v. Stenson, 465 U.S. 886 (1984).  This is the so-called "lodestar" calculation.

28   In 1986, the Supreme Court more explicitly indicated that the factors relevant to

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

9

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1  determining fees should be applied using the lodestar approach, rather than an ad hoc approach.

2  While holding that the attorney's fee provision of the Clean Air Act, 42 U.S.C. § 7401 et seq.,

3  should be interpreted like that of the Civil Rights Act, the Court expressly rejected the ad hoc

4  application of the factors set forth in the <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d

5  14, 717-719 and thus <u>Kerr</u>, stating that, "the lodestar figure includes most, if not all, of the

6  relevant factors constituting a 'reasonable' attorney's fee . . . ."  <u>Pennsylvania v. Delaware</u>

7  <u>Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 563-66 (1986).

8       While the lodestar approach is the primary basis for determining fee awards under the

9  federal fee-shifting statutes and under the Bankruptcy Code, the other factors, previously

10  applied in an ad hoc fashion, still apply in calculating the appropriate hourly rate to use under

11  the lodestar approach.  For example, when, in <u>In re Boddy</u>, 950 F.2d 334, 337 (6th Cir. 1991),

12  the Sixth Circuit rejected an approach to fees (in chapter 13 cases) which dictated that only a

13  "normal and customary" fee should be awarded absent exceptional results, the Sixth Circuit

14  Court of Appeals nonetheless acknowledged that:

15       The court can legitimately take into account the typical compensation that is
16       adequate for attorney's fees in Chapter 13 cases, as long as it expressly discusses
         these factors in light of the reasonable hours worked and a reasonable hourly rate.
17       <u>The bankruptcy court also may exercise its discretion to consider other factors
         such as the novelty and difficulty of the issues, the special skills of counsel, the
         results obtained, and whether the fee awarded is commensurate with fees for</u>
18       <u>similar professional services in non-bankruptcy cases in the local area.</u>

19  950 F.2d at 338 (emphasis added).  Thus, the twelve oft cited <u>Johnson</u> and <u>Kerr</u> factors remain

20  relevant.  In that regard, the representation of the Committee in this case required substantial

21  time and labor, posed some complex issues of law, and required a high level of skill, which the

22  Firm believes it has demonstrated.  Further, the Firm believes that its experience and Court's

23  familiarity with its attorneys is evidence of the Firm's experience, reputation, and ability.

24       Exhibit "F" contains a copy of the Firm's time reports and records kept in the regular

25  course of business reflecting the services rendered and the expenses incurred by the Firm during

26  the Application Period.  The Firm's time reports are initially handwritten by the attorney or

27  paralegal performing the described services or are typed directly into a billing program.  The

28  Firm is sensitive to issues of "lumping," and unless time was spent in one time frame on a

FIRST AND FINAL FEE APPLICATION OF VENABLE LLP

1  variety of different matters for a particular client, separate time entries are set forth in the time

2  reports. The Firm's charges for its professional services are based upon the time, nature, extent

3  and value of such services.

4  ## V.

5  ## CONCLUSION

6  This is the Firm's first and final request for compensation. Neither the Firm nor any

7  partners or associates of the Firm has any agreement or any understanding of any kind or nature

8  to divide, pay over, or share any portion of the fees to be awarded the Firm with any other

9  person or attorney, except among shareholders and associates of the Firm.

10  The Firm believes that the services rendered for which compensation is sought in this

11  Application have been beneficial to the estate, that the costs incurred have been necessary and

12  proper, and that the sums requested for the services rendered and the costs incurred are fair and

13  reasonable.

14  WHEREFORE, Venable LLP respectfully requests that this Court (a) approve, on a

15  final basis, compensation in the amount of $277,245.05 consisting of $263,232.50 in fees and

16  $14,012.55 in costs incurred during the Application Period; (b) direct the Reorganized Debtor

17  to pay the Firm $277,245.05, minus any fees and expenses paid to date; and (c) grant the Firm

18  such other and further relief as the Court deems just and proper under the facts and

19  circumstances of this case.

20

21  Dated: March 17, 2011                    VENABLE LLP

22

23                                          By: /s/ Hamid R. Rafatjoo
                                            _____
24                                              Hamid R. Rafatjoo (CA Bar No. 181564)
                                            Attorneys for the Official Committee of Creditors
                                            Holding Unsecured Claims

25

26

27

28

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1

## DECLARATION OF HAMID R. RAFATJOO

2     I, Hamid R. Rafatjoo, declare as follows:

3     1.    I am an attorney admitted to practice law in the State of California and before this

4    Court and am a partner of Venable LLP ("Venable" or the "Firm"), attorneys for the Official

5    Committee of Unsecured Creditors.  I submit this Declaration in support of the First and Final

6    Application of Venable LLP for Approval of Compensation and Reimbursement of Expenses as

7    Attorneys for the Official Unsecured Creditors Committee (the "Application") for the period of

8    May 6, 2010 through August 22, 2010 (the "Application Period").

9     2.    I have personal knowledge of the facts set forth herein and, if called upon as a

10    witness, I could and would competently testify thereto.

11     3.    I have personally reviewed the information contained in the Application, and

12    believe its contents to be true and correct to the best of my knowledge, information and belief.

13    I have personally reviewed the bills in this matter, and the bills represent true and correct

14    charges to the best of my knowledge, information and belief.  Furthermore, I am a partner at the

15    Firm, am familiar with its billing and record-keeping practices, and can thus represent that the

16    bills attached to the Application are the Firm's business records kept in the ordinary course of

17    business, containing information recorded within a reasonable time after the occurrence of the

18    reflected events.

19     4.    Venable customarily charges $1.00 per page for facsimile transmissions and $0.20

20    per page for photocopying expenses.  Venable's photocopying machines automatically record

21    the number of copies made when the person that is doing the copying enters the client's account

22    number into a device attached to the photocopier.    Venable summarizes each client's

23    photocopying charges on a daily basis.  Whenever feasible, Venable sends large copying

24    projects to an outside copy service that charges a reduced rate for photocopying.

25     5.    Venable passes through the usage rates for on-line legal research (e.g., LEXIS and

26    WESTLAW).  Venable bills its clients the actual cash charged by such services, with no

27    premium.  Venable passes on to its clients any volume discount that it receives from providers

28    of on-line legal research.

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

6.  Venable's telephones automatically record long distance calls made when the person that is doing the calling enters the client's account number into the telephone. Venable does not charge for local calls placed by attorneys from their offices. Venable also bills its clients for the actual costs charged Venable by teleconferencing services in the event that a multiple party teleconference is initiated through Venable.

7.  Venable believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, Venable believes that such charges are in accordance with American Bar Association's ("ABA") guidelines, as set forth in ABA's Statement of Principles, dated January 12, 1995, re billing for disbursements and other charges.

8.  Exhibit "B" contains a summary, by category, of the Firm's services and expenses in the case that were incurred during the Application Period in each of the Firm's billing categories. Such summary includes the time spent, rate and billing attributable to each person who performed compensable services. A monthly breakdown for this Application Period is also contained in Exhibit "B."

9.  The costs Venable has incurred in the case during the Application Period are summarized in Exhibit "C" attached hereto.

10.  The hourly rates in place during the Application Period of all professionals and paraprofessionals rendering services in the case are set forth on Exhibit "D" attached hereto.

11.  Attached hereto and marked Exhibit "E" is a description of the professional education and biographies of the professionals employed by the Firm who rendered services in this case.

13.  Exhibit "F" contains a copy of the Firm's time reports and records kept in the regular course of business reflecting the services rendered and the expenses incurred by the Firm during the Application Period.

///

///

///

///

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

13

DECLARATION OF HAMID R. RAFATJOO

1    I declare under penalty of perjury under the laws of the State of California and the

2    United States of America that the foregoing is true and correct.    Executed this 17th day of

3    March, 2011, in Los Angeles, California.

4                                              _/s/ Hamid R. Rafatjoo_____
                                                      Hamid R. Rafatjoo
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

14

DECLARATION OF HAMID R. RAFATJOO