RICHARD A. CLARK, ESQ. (SBN 39558)
GARY GANCHROW, ESQ. (SBN 163994)
DAVID K. ELDAN, ESQ. (SBN 163592)
PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN
A Professional Corporation
555 S. Flower St., 30th Floor
Los Angeles, California 90071-2440
Telephone:  (213) 683-6500
Facsimile:  (213) 683-6669
E-Mails:    rclark@pmcos.com
            gganchrow@pmcos.com
            deldan@pmcos.com

Special Litigation Counsel for Debtor
GTS 900 F, LLC, a California limited liability company

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES

| | |
|---|---|
| In re:<br><br>GTS 900 F, LLC,<br><br>      Debtor.<br><br><br><br><br><br><br><br><br>Tax Id #20-2396211 | Case No.  2:09-bk-35127-VZ<br><br>Chapter 11<br><br>**FIRST AND FINAL APPLICATION FOR APPROVAL OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN, APC, SPECIAL LITIGATION COUNSEL FOR DEBTOR IN POSSESSION; DECLARATION OF RICHARD A. CLARK**<br><br>**[11 U.S.C. § 330, Fed. R. Bankr. P. 2016 and Loc. Bankr. R. 2016-1(b)]**<br><br>DATE:  April 7, 2011<br>TIME:  1:30 p.m.<br>PLACE:U.S. Bankruptcy Court<br>      Courtroom 1368<br>      255 East Temple Street<br>      Los Angeles, CA 90012 |

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

1

2

# TABLE OF CONTENTS

I.    GENERAL BACKGROUND/OVERVIEW .................................................5

    A.    Overview of Case ...........................................................5

    B.    The Debtor's Real Estate Project .............................................6

    C.    The Pre-Petition Disputes with the Construction Lender (Corus Bank).....................................................................8

    D.    The Debtor's Bankruptcy Case and the Employment of Parker Milliken as Special Litigation Counsel........................................9

II.   OVERVIEW OF PARKER MILLIKEN.......................................10

III.  PRESENT STATUS OF THE CASE.........................................11

IV.   NARRATIVE STATEMENT OF SERVICES RENDERED.................11

    A.    Litigation ..................................................................11

V.    EXPENSES...............................................................13

VI.   NO FEE SHARING.......................................................14

VII.  SUMMARY OF ATTACHED EXHIBITS (REGARDING FEES)............14

VIII. CONCLUSION...........................................................15

17

18

19

20

21

22

23

24

25

26

27

28

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

1       The following information is supplied in conformity with Form No. 2016-1.2

2  of the United States Bankruptcy Court for the Central District of California:

3  1.    <u>Name of Applicant</u>: Parker, Milliken, Clark, O'Hara & Samuelian, a

4       professional corporation ("Parker Milliken")

5  2.    <u>Type of Service Rendered</u>:  Attorneys (Special Litigation Counsel) for GTS

6       900 F, LLC, aka Concerto, debtor in possession

7  3.    <u>Date of Filing of Petition under Chapter 11 of the Bankruptcy Code</u>:

8       September 17, 2009

9  4.    <u>Date of Entry of Order Approving Applicant's Employment</u>:  December 21,

10      2009

11  5.    <u>Date of Filing of last Fee and/or Expense Application</u>:  Not Applicable

12  6.    <u>Total Fees allowed or paid to Applicant to Date (including Retainers and</u>

13      <u>Prior Approved Fee Applications)</u>:

14      a.    Prepetition Retainer remaining as of commencement of case:

15          $40,252.11

16      b.    Retainer remaining as of the date of this application:  None

17      c.    Total amount requested in all prior applications:  Not Applicable

18      d.    Total amount actually paid pursuant to prior approved applications:

19          Parker Milliken has not received any payments pursuant to prior

20          approved fee applications, since no prior fee applications were filed.

21          However, Parker Milliken has received payments totaling $814,996.48

22          (for fees), as of the effective date of the plan of reorganization

23          confirmed in this case, from the draw down of the balance of the

24          prepetition retainer remaining as of the commencement of the case,

25          postpetition retainers, and/or pursuant to orders authorizing the Debtor

26          to use cash collateral to make payments to Parker Milliken.

27      e.    Total amount currently due but unpaid pursuant to prior approved

28          applications:  Not Applicable

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

FINAL APPLICATION FOR APPROVAL
OF COMPENSATION

2

376743

In re GTS 900 F, LLC

1        f.    Total amount allowed but reserved pending final fee application: Not

2            Applicable

3    7.    The Firm's blended hourly rate for services performed: $361.75

4    8.    The hourly rates charged by Parker Milliken are the same rates charged by

5        the above professionals for non-bankruptcy services.

6    9.    Bonus requested (final fee applications only): None

7    10.    **TOTAL FEES REQUESTED THIS APPLICATION:** $1,003,565.00

8    11.    Total Expenses paid to Applicant to date (including retainers and payments

9        from authorized use of cash collateral): $12,670.95

10   12.    Summary of Requested Expense Reimbursement: *See* Exhibit 4.

11   13.    **TOTAL EXPENSE REIMBURSEMENT THIS APPLICATION:**

12       $18,661.63.

13   14.    Applicant submits the following in support of the Application herein

14       pursuant to Local Bankruptcy Rule 2016-1: *See* Narrative Statement of

15       Services Rendered, *infra*.

16   15.    Total Number of attached pages of supporting documentation: 143 (with

17       exhibits)

18

19

20

21

22

23

24

25

26

27   //

28   //

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

16.    Applicant declares under penalty of perjury under the laws of the United States of America that this Application and all attached supporting documentation are true and correct and accurately reflect services rendered and expenses incurred.

17.    Executed on the __17__ day of March, 2011, at Los Angeles, California.

DATED: March 17. 2011

PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN
A Professional Corporation

By: _Richard A. Clark_

Richard A. Clark
Gary Ganchrow
David K. Eldan

Special Litigation Counsel for Debtor GTS 900 F, LLC, a California limited liability company

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

FINAL APPLICATION FOR APPROVAL
OF COMPENSATION

4

376743

In re GTS 900 F, LLC

1      **<u>FIRST AND FINAL FEE APPLICATION OF PARKER, MILLIKEN,**</u>

2      **<u>CLARK, O'HARA & SAMUELIAN, APC, SPECIAL LITIGATION</u>**

3      **<u>COUNSEL FOR DEBTOR IN POSSESSION</u>**

4

5  **I.     GENERAL BACKGROUND/OVERVIEW**

6      **A.    Overview of Case**

7         GTS 900 F, LLC (the "Debtor"), commenced this bankruptcy reorganization

8  case by filing a voluntary chapter 11 petition on September 17, 2009.  The Debtor

9  owned a large real estate construction project located in downtown Los Angeles

10  encumbered by a secured loan that had been purchased from the Debtor's

11  construction lender by Corus Construction Venture, LLC ("CCV").  The secured

12  claim asserted by CCV exceeded $160,000,000.  In addition, mechanic's liens

13  encumbered the Debtor's project in an amount in excess of $20,000,000.  At the

14  time of the commencement of this chapter 11 case, and for many months thereafter,

15  CCV asserted that its lien was senior to the mechanic's liens encumbering the

16  Debtor's project and that the value of the Debtor's project was dramatically less

17  than the debt owing to CCV (CCV initially asserted that the value of the Debtor's

18  project was approximately $120,000,000).  Accordingly, if CCV's initial position

19  had prevailed in this case, there was significant risk that mechanics' lien and

20  unsecured claims in this case would not be paid.

21        Parker, Milliken, Clark, O'Hara & Samuelian, a professional corporation

22  ("Parker Milliken") rendered extensive services throughout this case as Special

23  Litigation Counsel for the Debtor in two similar adversary proceedings against

24  CCV and its predecessor (Corus Bank):

25      (1) *GTS 900 F, LLC v. Corus Bank, N.A.*, originally Los Angeles Superior

26  Court Case No. BC 421309, which was removed to this Bankruptcy Court, and

27  became adversary proceeding number 2:09-ap-02188 (the "Corus Adversary

28  Proceeding"); and

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

1    (2) The adversary proceeding entitled *GTS 900 F, LLC v. Corus Construction*

2  *Venture, LLC* (adv. No 2:09-ap-03557-VZ) (the "CCV Adversary Proceeding").

3    In both the Corus Adversary Proceeding and the CCV Adversary Proceeding

4  (collectively referred to as the "Corus Adversary Proceedings"), the Debtor alleged

5  that Corus Bank engaged in wrongful and inequitable conduct in connection with

6  its loan to Debtor and that this conduct damaged Debtor and compelled Debtor to

7  file for bankruptcy in order to try to salvage the remaining uncompleted portions of

8  the Project.

9    After extensive litigation of the Corus Adversary Proceedings and extensive

10  negotiation, a global settlement that served as the basis for a consensual plan of

11  reorganization was achieved in this case.  The consensual plan was confirmed on

12  February 17, 2011.  The effective date of the confirmed plan was February 18,

13  2011.  Pursuant to the confirmed plan in this case, all creditors holding allowed

14  claims have been or will be paid in full with interest.  CCV is responsible for

15  paying all such claims, except for insider claims and except for administrative

16  expense claims of the Debtor's professionals incurred through and including

17  January 25, 2011.  Pursuant to the confirmed plan, CCV is responsible for payment

18  of allowed administrative expense claims of the Debtor's professionals

19  (SulmeyerKupetz and Parker Milliken) for the period from January 26, 2011,

20  through the effective date of the confirmed plan in a collective allowed amount not

21  to exceed $125,000.

22  **B.    The Debtor's Real Estate Project**

23    The Debtor was formed in January, 2005, for the purpose of acquiring and

24  developing certain real property located in downtown Los Angeles.  In February

25  2005, the Debtor acquired approximately 100,900 square feet of land fronting

26  Figueroa, Flower, and 9th Streets in downtown Los Angeles, California 90015 (the

27

28

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

FINAL APPLICATION FOR APPROVAL
OF COMPENSATION                    376743                    *In re GTS 900 F, LLC*

1    "Site").[1]   The Site is situated at the north end of an evolving entertainment district

2    anchored by the Staples Center and L.A. Live, a sports and entertainment complex

3    sometimes referred to as "Times Square West."  In developing this signature

4    project, known as "Concerto," the Debtor designed an environmentally conscious

5    all-glass residential structure with a range of moderately priced to luxury priced

6    condominium units, together with shared amenities, parking, and retail and

7    restaurant space.

8        As of July 2007, the Debtor entered into a Construction Loan Agreement

9    (which, together with all documents executed by the Debtor pursuant to such

10   agreement, shall be referred to as the "Loan Agreement") pursuant to which Corus

11   Bank, N.A. ("Construction Lender" or "Corus Bank") agreed to lend to the Debtor

12   up to $190,000,000 to enable the Debtor to implement "Phase I" of the project – *i.e.*

13   the construction on the Site, and the marketing and selling of:  (1) a tower that

14   would contain 271 residential units as well as retail space and storage space

15   ("Tower I"); (2) a loft building that would contain 77 residential units as well as

16   retail space and storage space (the "Loft Building"); and (3) a 7-story partly

17   underground parking structure (the "Parking Garage").  The Debtor and the

18   Construction Lender also anticipated that the Debtor would subsequently

19   implement "Phase II" of the project – *i.e.* construction of a second tower ("Tower

20   II") on the Site, which would not be financed through the Loan Agreement.  Tower

21   I, the Loft Building, the Parking Garage, Tower II, the land parcel underlying each,

22   and all other related improvements, fixtures, furnishings, equipment, contracts and

23   permits shall be hereinafter collectively referred to herein as the "Project."

24       Construction on the Project started in 2007, and as of commencement of the

25   Debtor's chapter 11 case, Phase I was approaching completion, but had been stalled

26   for a number of months.  As of the petition date, the Debtor had also completed

27

28   [1] The property has the commonly known addresses of 900 S. Figueroa Street, 901 S.
Flower Street, and 700 W. 9th Street, Los Angeles, California 90015.

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

1  certain work on infrastructure for Tower II, but had not yet begun construction of

2  that tower.

### C.    The Pre-Petition Disputes with the Construction Lender (Corus

     Bank)

5      In or before July of 2008, the Debtor began experiencing problems with its

6  Construction Lender.  The Debtor contended that, among other things, Corus Bank

7  refused to provide certain approvals, made improper demands, and delayed further

8  advances under the Loan Agreement.  The Debtor was informed and believed that

9  the Construction Lender's actions or failures to act were the result of Corus Bank's

10  severe financial problems.  This led to, among other things, problems with payment

11  to the project's construction manager and subcontractors, the departure of the

12  construction manager, increased costs, difficulties in obtaining certain bonds,

13  delays in the marketing and selling of units, and general delays in completion of the

14  project.

15      In July, 2009, the Debtor and its principal, Sonny Astani, retained Parker

16  Milliken to represent the Debtor in its dispute with the Construction Lender.  On

17  behalf of the Debtor, Parker Milliken engaged in an extensive analysis of the Loan

18  Documents, development of strategy, and negotiations with the Construction

19  Lender, Corus Bank, N.A.  With the Parker Milliken 's assistance, on September

20  4,2009, the Debtor filed a complaint for: (1) Breach of Contract, (2) Breach of the

21  Covenant of Good Faith and Fair Dealing, (3) Declaratory Relief, (4) Injunctive

22  Relief against the Construction Lender in the Los Angeles Superior Court, which

23  commenced the case entitled *GTS 900 F, LLC v. Corus Bank. N.A.*, Case No. BC

24  421309 (the "Corus State Court Action").  This complaint sought various relief

25  against the Construction Lender, including but not limited to (i) damages in the

26  amount of $20,000,000, and at least an additional $60,000,000, (ii) an offset of the

27  damages sustained by the Debtor against the loan amount remaining due and

28  payable by the Debtor to the Construction Lender, (iii) declaratory relief, and (iv)

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

1    injunctive relief.

2        On September 11, 2009, the Construction Lender was seized and closed by

3    the Office of the Comptroller or the Currency, which appointed the Federal Deposit

4    Insurance Corporation ("FDIC") as Receiver. Thereafter, CCV acquired Corus

5    Bank's claim against the Debtor and rights under the Construction Loan.

6        **D.**    **The Debtor's Bankruptcy Case and the Employment of Parker**

7            **Milliken as Special Litigation Counsel**

8        The Debtor commenced this case by filing a voluntary chapter 11 petition on

9    September 17, 2009. Pursuant to an order of the Court entered on December 21,

10    2009, the Debtor employed Parker Milliken as the Debtor's Special Litigation

11    Counsel effective as of the commencement of the case. On October 16, 2009, the

12    Office of the United States Trustee appointed an official committee of unsecured

13    creditors in this case.

14        On September 21, 2009, Parker Milliken, on behalf of the Debtor, removed

15    the Corus State Court Action to this Bankruptcy Court, and the action became the

16    Corus Adversary Proceeding.

17        On October 29, 2009, CCV filed a Proof of Claim in the Bankruptcy Case in

18    the amount of $162,662,216.26. In response, on December 29, 2009, Parker

19    Milliken filed on behalf of the Debtor a "Complaint and Objection to Proof of

20    Claim filed by Corus Construction Venture, LLC" (which filing initiated the CCV

21    Adversary Proceeding), and subsequently filed an amended Complaint and

22    Objection. The Complaints and Objections asserted that Corus Bank engaged in

23    wrongful and inequitable conduct in connection with its loan to Debtor, and that

24    this conduct damaged Debtor and compelled Debtor to file for bankruptcy in order

25    to try to salvage the remaining uncompleted portions of the Project.

26        As Special Litigation Counsel in the Corus Adversary Proceedings, Parker

27    Milliken performed an extensive analysis of the voluminous loan and other

28    documents to draft pleadings and other documents enumerating Corus Bank's

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

1    wrongful and inequitable conduct in connection with its loan to Debtor.  Parker

2    Milliken also performed extensive discovery regarding this issue (and others), and

3    engaged in an extensive analysis of the information produced in discovery, to

4    further establish the Debtor's claims.  Parker Milliken believes that its work in

5    prosecuting the Debtor's claims regarding Corus Bank's conduct, and work in

6    showing that CCV was responsible for this conduct, ultimately helped result in a

7    global settlement serving as the basis for a consensual plan of reorganization.  As

8    stated above, the consensual plan was confirmed by the Court on February 17,

9    2011, and the effective date of the consensual plan was the next day, February 18,

10   2011.

11        This Final Fee Application requests that the Court allow compensation for all

12   services rendered, and reimbursement for all expenses incurred, by Parker Milliken

13   during this case, from the commencement of this case through the effective date of

14   the confirmed plan of reorganization.

15

16   **II.    OVERVIEW OF PARKER MILLIKEN**

17        Parker Milliken is a firm of approximately 35 attorneys and is located in Los

18   Angeles, California.  The firm's practice includes civil and commercial litigation,

19   including bankruptcy and creditors' remedies.  The professional services rendered

20   by Parker Milliken are detailed in this application and the time records attached

21   hereto as Exhibits and have been rendered effectively and efficiently.  A current

22   firm resume of Parker Milliken is attached hereto as <u>Exhibit 1</u> and is incorporated

23   herein by this reference.

24        Parker Milliken is seeking final approval of compensation for services

25   performed during the period from the commencement of the case (September 17,

26   2009) through February 18, 2011at its hourly billing rates in effect at the time the

27   services were rendered, in the total amount of $1,003,565.00.  Pursuant to

28   postpetition retainers and court authorized use of cash collateral, as of the effective

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

FINAL APPLICATION FOR APPROVAL
OF COMPENSATION

10

376743

In re GTS 900 F, LLC

1    date of the confirmed plan, $814,996.48 of that sum has been paid.  The hourly

2    billing rates of each attorney and paraprofessional of Parker Milliken rendering

3    services in connection with the Corus Adversary Proceedings are set forth in

4    Exhibit 5.

5

6    **III.    PRESENT STATUS OF THE CASE**

7    A consensual plan of reorganization was confirmed pursuant to an order of

8    the court entered on February 17, 2011.  The effective date of the confirmed plan

9    was February 18, 2011.  Pursuant to the plan of reorganization confirmed in this

10    case, CCV has or will pay all allowed claims in full (plus interest), with the

11    exception that the reorganized debtor is responsible for payment of insider claims

12    and for administrative expenses of the Debtor's professionals (with the exception

13    that CCV shall pay for administrative expenses incurred by the Debtor's

14    professionals for the period from January 26, 2011 through the effective date of the

15    confirmed plan up to the amount of $125,000).  Pursuant to the confirmed plan, the

16    Debtor's real estate project was transferred to an entity set up by CCV and CCV

17    paid approximately $9.5 million to the reorganized debtor.  As indicated above, the

18    confirmed, consensual plan of reorganization provides for payment in full (with

19    interest) of all allowed secured and unsecured claims in this case.

20

21    **IV.    NARRATIVE STATEMENT OF SERVICES RENDERED**

22    Pursuant to Federal Rule of Bankruptcy Procedure 2016(a) and Local

23    Bankruptcy Rule 2016-1(c)(2) (referencing Local Bankruptcy Rule 2016-1(a)(1)),

24    Parker Milliken hereby submits this narrative of services rendered and expenses

25    incurred by Parker Milliken as Special Litigation Counsel for the Debtor during the

26    period from the Petition Date through the Effective Date.

27    **A.    Litigation**

28    As indicated above, Parker Milliken has represented the Debtor as Special

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

FINAL APPLICATION FOR APPROVAL
OF COMPENSATION                              11                              In re GTS 900 F, LLC
376743

1   Litigation Counsel in connection with the Corus Adversary Proceedings and has

2   been required to spend significant time preparing pleadings, motions, discovery

3   documents and other filings and responding to, and negotiating, or otherwise

4   communicating with, among others, CCV and its counsel, the FDIC and its counsel,

5   the United States Trustee, representatives of the Debtor's management, the

6   Debtor's financial advisor, other professionals employed in this case (including the

7   Debtor's Bankruptcy Counsel, SulmeyerKupetz), and various other interested

8   parties.

9        In summary, the services rendered by Parker Milliken in connection with the

10  Corus Adversary Proceedings have consisted primarily of: review and analysis of

11  the voluminous loan and other documents at issue; consultation regarding the

12  Debtor's litigation strategy (based on the analysis); preparation of legal and factual

13  memoranda; preparation of pleadings and legal memoranda filed with the Court;

14  appearances in matters before the Court; conducting of extensive discovery; review

15  and analysis of information produced in discovery; negotiations and

16  communications involving a wide variety of legal matters; interactions with counsel

17  for CCV, the FDIC and other interested parties; and conduct of varied and complex

18  correspondence and telephonic communication with all of the above-mentioned

19  interested parties.  In general, Parker Milliken has performed as Special Litigation

20  Counsel for the Debtor at the highest level.

21       Parker Milliken's extensive written and oral correspondence as well as all

22  other actions taken by Parker Milliken with respect to representation of the Debtor

23  in the Corus Adversary Proceedings are reflected in the detailed contemporaneous

24  time records attached hereto as Exhibits 2 and 3.  The services rendered by Parker

25  Milliken and all of the expenses incurred were actual and necessary, and were

26  rendered on behalf of the Debtor.

27

28

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

## V.    EXPENSES

The expenses incurred by Parker Milliken in connection with this case from the commencement of the case (September 17, 2009) through February 18, 2011, are in the sum of $18,661.63.  A listing of the expenses incurred by Parker Milliken from the commencement of the case through February 18, 2011, including each category of expense and the monthly expense was incurred, is attached hereto as Exhibit 4.  The subject expenses are customarily charged to non-bankruptcy clients of Parker Milliken.  The following is a brief explanation of the expenses incurred by Parker Milliken.

Parker Milliken charged for long distance telephone calls at actual cost, which amounted to $27.11.

Parker Milliken charged for in-house photocopying at the rate of $.10 cents per page.  Such charges amount to $2,013.10.  An outside copying and mailing service firm (outside copy service) used in connection with the case and paid for by Parker Milliken was charged at actual cost in the sum of $15.00.

Parker Milliken is not requesting reimbursement in this case for word processing expenses or for related overtime expenses incurred.

Parker Milliken charged for actual postage costs, except for mailings involving insignificant expenses (there was no charge for such mailings).  Such actual postage costs amounted to $197.65.  In addition, Parker Milliken charged actual costs for overnight mail (federal express) delivery ($139.79), and messenger service (attorney service) ($3,028.03).  In every instance, Parker Milliken attempted to use the least expensive means of communication, which would allow for the transmission of a timely communication based upon the circumstances.

Parker Milliken charged for database (Lexis/Nexis) research at actual cost (including research regarding bankruptcy cases nationwide).  These charges amounted to $9,227.22.  Parker Milliken also charged for Pacer/ECF system use at actual cost in the sum of $743.76.

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

1    Parker Milliken is not seeking reimbursement for faxes.

2    Parker Milliken also incurred certain other miscellaneous out-of-pocket

3    expenses, including filing fees ($250.00), fees for deposition transcript/court

4    reporter services ($3,239.05), and parking validations for meetings at Parker

5    Milliken's offices involving representatives of the Debtor and other professionals

6    employed in the case ($76.00).

7

8    ## VI.    NO FEE SHARING

9    Pursuant to Federal Rule of Bankruptcy Procedure 2016(a), Parker Milliken

10    submits that no agreement or understanding exists between Parker Milliken and any

11    other entity for the sharing of compensation received or to be received for services

12    rendered in or in connection with this case.

13

14    ## VII.    SUMMARY OF ATTACHED EXHIBITS (REGARDING FEES)

15    Exhibit 2 is Parker Milliken's contemporaneous time records from the

16    commencement of the Debtor's case (September 17, 2009) through January 25,

17    2011. All of the services described on these time records were performed as

18    Special Litigation Counsel for the Debtor in connection with the Corus Adversary

19    Proceedings. With respect to Exhibit 2, the initials appearing in each time entry for

20    the attorneys and paraprofessional working on the case are as follows: Gary

21    Ganchrow (GG), Richard A. Clark (RAC), Gregory M. Salvato (GMS), David

22    Eldan (DE), Carlo Sima (CS), Michele M. Byrnes (MMB), Lee Paige (LP), Steven

23    R. Platt (SRP), Larry G. Ivanjack (LGI), Mark O. Suttle (MOS), Isaac B. Simon

24    (IBS), Natasha N. Dawood (NND), Alan D. Weinfeld (AW), John E. Kinsock

25    (JEK).

26    Exhibit 3 is Parker Milliken's contemporaneous time records, for the period

27    from January 26, 2011 through February 18, 2011. This is the period pursuant to

28    the confirmed plan of reorganization for which CCV is responsible for payment,

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

FINAL APPLICATION FOR APPROVAL
OF COMPENSATION                    376743                    In re GTS 900 F, LLC

1    subject to the $125,000 limitation applicable to limit CCV's obligation to the
2    Debtor's professionals during that period.  The fees for services provided during
3    this period amount to $22, 304.50.

4        Exhibits  2 and 3 hereto reflect that, for the period from the commencement
5    of the Debtor's chapter 11 case (September 17, 2009) through February 18, 2011,
6    Parker Milliken provided services amounting to $1,003,565.00 in fees in
7    connection with the Corus Adversary Proceedings.

8

9    **VIII.  CONCLUSION**

10

11        **WHEREFORE,** Parker Milliken respectfully requests an order of this Court
12    enter an order:

13        1.    Allowing compensation to Parker Milliken for services rendered from
14              the Petition Date to the Effective Date in the amount of $1,003,565.00;
15        2.    Allowing reimbursement of expenses incurred by Parker Milliken
16              from the Petition Date to the Effective Date in the amount of
17              $18,661.63.
18        3.    Authorizing payment to Parker Milliken for all amounts allowed under
19              this Final Fee Application, to the extent such amounts have not already
20              been paid.

21

22    DATED: March 17. 2011           PARKER, MILLIKEN, CLARK,
                                              O'HARA & SAMUELIAN
23                                       A Professional Corporation

24                                              */s/ David K. Eldan*
                                          By: _____
25
                                              David K. Eldan
26
                                       Special Litigation Counsel for Debtor GTS
27                                       900 F, LLC, a California limited liability
                                       company
28

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

FINAL APPLICATION FOR APPROVAL
OF COMPENSATION                    376743                    In re GTS 900 F, LLC

# DECLARATION OF RICHARD A. CLARK

I, Richard A. Clark, declare as follows:

1.      I am an individual over the age of eighteen, and I am an attorney licensed to practice law in the State of California and admitted to practice in the United States District Court for the Central District of California. I am a shareholder of Parker, Milliken, Clark, O'Hara & Samuelian, a professional corporation ("Parker Milliken"), Special Litigation Counsel for GTS 900 F, LLC, aka Concerto (the "Debtor"), the debtor and debtor in possession. I am the designated professional responsible for overseeing the billing in this matter and for assuring compliance with the Guidelines of the United States Trustee relating to billing.

2.      Except as otherwise indicated, all statements made herein are based on my personal knowledge or my review of relevant documents and verification from Parker Milliken's business office. If called to testify as a witness in this matter, I could and would competently testify under oath to the truth of the statements set forth herein.

3.      I make this declaration in support of the attached *First and Final Application for Approval of Compensation and Reimbursement of Expenses of Parker, Milliken, Clark, O'Hara & Samuelian, APC, Special Litigation Counsel For Debtor In Possession* (the "Final Fee Application").

4.      I believe that the Final Fee Application accurately summarizes the services rendered and expenses incurred by Parker Milliken as Special Litigation Counsel for the Debtor during the period from the Petition Date through the Effective Date.

5.      Neither I, nor any member of Parker Milliken to the best of my knowledge, have any agreement or understanding of any kind or nature to divide, pay over or share any portion of the fees to be awarded to Parker Milliken with any other person or attorney, except as among the shareholders of Parker Milliken.

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

1    6.    Parker Milliken has provided legal services to the Debtor with an

2  effort to keep all costs to a reasonable amount and believes that its respective

3  billing rates are reasonable and well within the scope of fees charged by

4  professionals for services of a similar nature.

5    7.    Attached hereto as <u>Exhibit 1</u> is a true and correct copy of the resume of

6  Parker Milliken.

7    8.    Attached hereto as <u>Exhibit 2</u> is a true and correct copy of Parker

8  Milliken's contemporaneous time records from the commencement of the Debtor's

9  case (September 17, 2009) through January 25, 2011 (certain portions of certain

10  time entries have been redacted).  All of the services described on these time

11  records were performed as Special Litigation Counsel for the Debtor in connection

12  with the following two adversary proceedings:

13    (1) *GTS 900 F, LLC v. Corus Bank, N.A.*, adversary proceeding number

14  2:09-ap-02188 (the "Corus Adversary Proceeding"); and

15    (2) *GTS 900 F, LLC v. Corus Construction Venture, LLC*, adversary

16  proceeding number 2:09-ap-03557 (the "CCV Adversary Proceeding", collectively

17  with the Corus Adversary Proceeding, the "Corus Adversary Proceedings").

18    9.    Attached hereto as <u>Exhibit 3</u> is a true and correct copy of Parker

19  Milliken's contemporaneous time records from January 26, 2011 through February

20  18, 2011.  All of the services described on these time records were performed as

21  Special Litigation Counsel for the Debtor in connection with the Corus Adversary

22  Proceedings.

23    10.    Attached hereto as <u>Exhibit 4</u> is a summary of the costs incurred by

24  Parker Milliken in connection with the Corus Adversary Proceedings.

25    11.    Attached hereto as <u>Exhibit 5</u> are listings of the hourly billing rates of

26  each attorney and paraprofessional of Parker Milliken in the years 2009, 2010 and

27  for January 2011 (for February 2011, Parker Milliken charged Debtor the rates that

28  it charged in 2010).

PARKER MILLIKEN
CLARK O'HANA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

FINAL APPLICATION FOR APPROVAL
OF COMPENSATION                    376743

In re GTS 900 F, LLC

1       12.    I believe that this Final Fee Application complies with the United

2   States Trustee Guide for Professional Compensation except as specifically noted.

3       I declare under penalty of perjury under the laws of the United States of

4   America that the foregoing is true and correct.

5       Executed March **17**, 2011, at Los Angeles, California.

6

7

8   Richard A. Clark

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

18

FINAL APPLICATION FOR APPROVAL
OF COMPENSATION

376743

In re GTS 900 F, LLC

# EXHIBIT 1

# PARKER MILLIKEN

PARKER, MILLIKEN, CLARK, O'HARA, SAMUELIAN
A PROFESSIONAL CORPORATION

# FIRM RESUME

**PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN** is a prominent mid-sized law firm which was founded in 1913. The firm's office is located in the heart of the Los Angeles financial district, adjacent to both courts and governmental agencies. In addition to representing national and international publicly-held corporations, the firm represents governmental entities and public and privately-held businesses, entrepreneurs and individuals.

The firm practices in a wide range of areas including: labor and employment; commercial and complex litigation; real estate development, and construction disputes; governmental affairs; corporate and business formation and advice; commercial finance and lending; bankruptcy and creditor's rights; and estate planning and probate.

The firm represents a national clientele of both privately held and publicly traded companies in all sectors including technology, retail, hospitality industry, education, health services, gaming, manufacturing, service industries, insurance, banking, entertainment, real estate, agriculture, and oil and gas, internet commerce and software development.

The firm's lawyers are from diverse personal backgrounds and include graduates of well respected law schools. Many of the firm's attorneys have made significant commitments to the community agencies include bar organizations, civic groups, charitable organizations, colleges and universities.

97001 400  314401
ATTORNEYS AT LAW
THIRTIETH FLOOR
555 SO. FLOWER STREET · LOS ANGELES, CA  90071
(213) 683-6500 · FAX (213) 683-6669
WWW.PMCOS.COM

# PARKER MILLIKEN

PARKER, MILLIKEN, CLARK, O'HARA, SAMUELIAN
A PROFESSIONAL CORPORATION

# THE PRACTICE OF THE FIRM

**THE LABOR AND EMPLOYMENT LAW DEPARTMENT.** The Labor and Employment Law Department represents all sizes of businesses in all facets of employment practice including labor management and labor relations; employment practices counseling; and documentation and litigation for large multinational companies and small entrepreneurial businesses.

The Firm has expertise in state and federal wrongful discharge litigation, health and safety litigation under Cal Osha and Osha regulations, wage and hour litigation, trademark and unfair business practices litigation and general litigation dealing with wrongful terminations and discrimination claims.

The Firm also enjoys a varied practice involving matters before the National Labor Relations Board, negotiation and administration of collective bargaining agreements, labor arbitrations, and related labor matters.

In addition to the legal services provided to clients, the Department also participates in educational activities relating to labor and employment law issues. The Department presents an annual seminar on Employment and Labor Law in California. Additionally, the Department regularly authors articles on employment issues in major California labor treatises. The Labor Department publishes its newsletter, **PMCOS Labor News,** which reports on legal and legislative development and trends.

**THE ENVIRONMENTAL DEPARTMENT.** The Firm represents clients throughout the State in a wide range of compliance, administrative, enforcement, and real estate related matters. The members of the department regularly appear before and deal with a variety of environmental and other regulatory agencies at the federal, state, county and city levels. Since 1985 the Environmental Department has sponsored an annual seminar on Hazardous Waste Management and the Law.

The Firm's environmental lawyers have developed considerable expertise in toxic and hazardous waste laws and regulations. In addition to disputed matters and licensing and permit acquisition, the lawyers in this field assist in mergers and acquisitions, employment law compliance, and real estate transactions, which frequently involve environmental issues and are involved in representing financial institutions in "environmental audits" of properties proposed for collateralization.

**THE BUSINESS PRACTICE.** The Business Department focuses on a wide range of matters including general corporate and securities, tax, and real estate issues. The corporate and securities work involves mergers and acquisitions, ranging from complex multiparty transactions and leveraged buy-outs to sales of divisions and lines of business, public and private offerings of securities and other federal and state securities law matters, and a wide variety of business law matters.

The Firm has also represented individuals and corporations in federal and state tax matters since the Firm s founding in 1913. Today, the Firm s tax attorneys continue to be engaged in sophisticated tax planning and analysis, often involving transactional matters handled by the Firm, and representing taxpayers in federal and state administrative proceedings and tax litigation. In

# PARKER MILLIKEN

PARKER, MILLIKEN, CLARK, O'HARA, SAMUELIAN
A PROFESSIONAL CORPORATION

addition, the Firm s tax and business practice includes a significant amount of executive compensation, ERISA and employee benefit plan work primarily for its corporate clients.

The Firm's real estate practice involves all areas of general real estate with special emphasis on commercial real estate development, which involves the negotiation and implementation of all aspects of development projects from the acquisition and development of the property, including related financing, through the ultimate sale or leasing of the project. The Firm s real estate lawyers are also engaged in real estate syndication work, generally involving a joint effort with the Firm's tax and securities lawyers.

**LITIGATION PRACTICE.** The Firm provides litigation and advisory services from large multinational corporations to small businesses in both state and federal court proceedings through appeal.

The Firm represents business concerns in and for all forms of commercial litigation, in state and federal court, including intellectual property, employment litigation, trade secrets, unfair business practices, environmental and general business contract disputes.

The Firm also advises and assists clients with contract and grant administration problems, compliance with federal, state and local procurement regulations, conformance with ethics, conflicts of interest laws and socio-economic and environmental policies, and representing clients before public contracting agencies, governing boards and councils, courts, and administrative and regulatory forums on performance disputes. The Firm has a bid protest practice before both state and federal tribunals, and the ability to assist clients in the resolution of contract performance claims. All areas of governmental and commercial litigation are represented, and the Firm has developed a special expertise in public and private sector contract disputes, eminent domain and inverse condemnation, trade secret matters, banking and insurance related litigation, construction disputes, and claims brought under the Americans with Disabilities Act ("ADA").

The Complex Litigation Group has demonstrated particular expertise in all segments of public sector contract, class action, and construction disputes. The Firm can offer clients the efficiency and productivity offered by state of the art technology with expert personnel and the technological infrastructure necessary to successfully manage complex contract, construction and class action litigation involving millions of pages of documents, thousands of deposition transcripts and summaries, myriad and diverse expert witnesses, and complex legal and factual issues.

**THE FINANCIAL SERVICES PRACTICE.** The practice of the Financial Services Department focuses on the representation of Banks, Commercial Leasing Companies, and other financial services companies. The Firm's practice in this area includes:

- Transactional Documentation – Extensive experience in customizing all forms of commercial loan documents and negotiating and draft custom documents for banking and commercial lending industry and private transactions.

- Regulatory compliance and operations counsel – Regulatory and Operations compliance for both large and small independent banks. Financial services clients who subscribe to the Firm's legal and regulatory "hot line" have cost-effective access to the Firm's attorneys for answers to questions on regulatory, operations and documentation issues.

# PARKER MILLIKEN

PARKER, MILLIKEN, CLARK, O'HARA, SAMUELIAN
A PROFESSIONAL CORPORATION

- Creditor's Rights. The financial services practice emphasizes creditor's rights for all types of lenders including institutional lender's.

- Lender liability and operations defense -- The accumulated expertise of the Firm's attorneys permits it to effectively and efficiently defend all types of claims against defense of claims against banks, leasing companies and other financial institutions. .

- This expertise is tempered by the Firm's advocacy of the use of alternative dispute resolution, when appropriate and cost-effective, and are frank in telling clients when a case is weak or recovery is unlikely.

**THE GENERAL BANKRUPTCY/CREDITOR'S RIGHTS PRACTICE.** In addition to the focused bankruptcy and creditor's rights practice of the Firm's Financial Services Department, the Firm's general bankruptcy, insolvency and creditor's rights practice includes the representation of corporations, partnerships and individuals in chapter 11 reorganizations, chapter 7 liquidations, and all aspects of bankruptcy and bankruptcy-related litigation. The Firm represents trustees, debtors, secured and unsecured creditors, landlords, and creditors committees in a wide variety of cases ranging from single asset-real estate projects to entertainment, manufacturing, and retail companies, and has proposed and confirmed plans of reorganization for both debtors and creditors. Additionally, the Firm has represented corporate and individual clients in non-bankruptcy workouts both for debtors and creditors.

**THE ESTATE PLANNING/PROBATE DEPARTMENT.** Another important area of the Firm s practice consists of estate planning and probate administration. In addition to administering estates and drafting wills and trust instruments, the attorneys in the Department advise individual and corporate fiduciaries on federal and estate taxation, and guardianship and conservatorship matters. The Department also represents individual and institutional clients before various federal and state tax authorities and handles contested probate matters.